### L. J. KELLY v. THE STATE.

*No. 1118.   Decided May 19th, 1897.*

**1.   Slander—Silence as Evidence.**

On a trial for slander, it was not error for the court to permit a witness to testify
in relation to the slander, that he had told defendant "that he was with him; that
is, a friend of his in his divorce case; but, that, that he would have to quit him now, that,
in his opinion, defendant was very wrong." The defendant standing mute and mak-
ing no explanation or answer thereto; the evidence was admissible against him.

**2.   Cross-Examination of Witness—Argument of Counsel.**

On the cross-examination of a witness for the State, on a trial for slander, where
the defendant asked the witness, "If he had not stated to defendant that he (the wit-
ness) had sworn to a lie in a civil suit to protect his property?" and the witness ans-
wered, "that he had not." Held: Counsel for the State had the right to comment,
in argument, upon the fact that defendant had made no attempt to impeach the
statement of the witness or attack his credibility.

APPEAL from the District Court of Mills.   Tried below before Hon.
W. A. BLACKBURN.

Appeal from a conviction for slander; penalty, a fine of $100.

The indictment charged defendant with slandering Mrs. Anna Lucas.
Anna Lucas, the prosecutrix, was defendant's step-daughter.   W. T.
Lucas testified, that when the prosecutrix was about to marry his son,
Bob, her husband, defendant had told him he (witness) had better not
let Bob do so, as she had the worst temper of any girl he ever saw; but,
as to virtue and chastity, there was no girl more virtuous than she was.
That after his son was married to her, defendant told him that Anna
Lucas "was a bitch," and that one Albert Hastins, of Williamson County,
had been in bed with her about half an hour; felt of her person, and
started to get on top of her, when his son laughed, and Hastins jumped
up and ran from the room.   Witness testified, that when he reminded
defendant of what he had previously told him as to her virtuous charac-
ter, and asked him: "Why is it that you now say she is not?" defend-

37th Tex. Crim. Rep.— 41.

ant replied, "I have sued her mother for a divorce, and she will be a witness against me. I have to do it, so that her testimony will not be taken in court." On cross-examination, this witness testified: "I have nothing against Mr. Kelly. I did not tell Mr. Kelly, in this conversation, that I had sworn a lie, in a civil case in the justices' court, to keep my property from being taken for debt."

R. H. Dorsett testified: "I know the defendant; I also know Anna Lucas. Some time in July, Mr. Kelly had a talk with me about the charges mentioned in this case; and I asked him why he did it. He then told me that he had to bring these charges against this girl to prevent her from sending him to the penitentiary. He also said that Anna had told that he had cocked a pistol in her face, and he said, that he said what he had said about her in self-defense. In this same conversation, he stated, that he had sued his wife for a divorce, and I then told him that I had been a friend to him and stayed by him all the time in the divorce case, and that now I could not go with him any further, as he was in the wrong; my opinion was that he was doing very wrong, as I so told him."

A number of witnesses testified to the good character, for virtue, of the prosecutrix.

[No brief for appellant.]

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Conviction for slandering Anna Lucas. The indictment is sufficient. The slander consisted in stating that Anna Lucas was "a bitch, and permitted one Albert Hastins to visit her in bed, and to commit conduct too disgraceful to repeat here." These charges are equivalent to a charge of a want of chastity. Certainly, if appellant falsely made the charges, he should be punished. The State proved by several witnesses that appellant made the charges to them. Appellant denied one of the charges, but did not deny the other, and attempted to prove its truth. The jury, however, believed, as they had a right to believe, that the charges were absolutely false, and made for the purpose of destroying the reputation of Anna Lucas for truth and veracity, who was a witness against appellant in a divorce suit, and also might be a witness against him in a case of assault to murder. Be this as it may, the jury settled the question against appellant as to whether the charges were true or false. Two bills of exceptions were reserved to the action of the court pertaining to certain matters. The first has reference to the testimony of R. H. Dorsett. Dorsett was permitted to testify that he told appellant "that he was with him—that is, a friend of his in his divorce case—but that he would have to quit him now; that, in his opinion, defendant was very wrong." This had relation to his slander of Anna Lucas. The State had a right to introduce this testimony, and, if appellant stood mute, it was testimony against him, but,

if he did not, his explanation and answer thereto would also have been admissible. We see no error in this matter. In the second bill of exceptions it appears that William T. Lucus was a witness for the State, and testified to material matters against the appellant. On cross-examination appellant asked this witness "if he had not stated to the defendant that he (Lucas) had sworn a lie in a civil suit in order to protect his property from execution." The witness answered that he had not. Whether the question was proper or improper it is not necessary to decide, because the witness answered the same in the negative. Counsel for the State commented on the fact that appellant had made no attempt to impeach the statement of Lucas, or to attack in any manner the credibility of this witness. We believe counsel had a right to make such comment. We have examined the record carefully, and find no error. The judgment is therefore affirmed.

*Affirmed.*