### SAM BRYANT V. THE STATE.

No. 17156.   Delivered December 12, 1934.
Reported in 77 S. W. (2d) 235.

The opinion states the case.

*Kirby, King & Overshiner,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of unlawfully selling intoxicating liquor, to-wit, whiskey, and his punishment assessed at confinement in the State penitentiary for a term of two years.

The record before us discloses that on the 28th day of March, A. D. 1934, at about 10:30 A. M., Oscar Leech and Junior Harris went in a car from the town of Sylvester to the appellant's home for the purpose of purchasing some whiskey. When they arrived at the appellant's home, Oscar Leech went around to the back door, knocked on the door, and the appellant responded to the knock by opening the door and inviting Leech to come in. When Leech had entered the house he asked the Appellant if he had some whiskey, to which the appellant replied that he did. Leech then informed the appellant that he wanted two pints of whiskey. The appellant then left the room but in a very short time returned with two pints of whiskey, and delivered it to Leech who paid $1.75 for it. Leech then returned to the car where Harris was waiting for him and then they drove on to Rotan to attend a track meet which was in progress there. The purchasers of the whiskey were 18 years of age at the time. The appellant testified in his own behalf and denied selling any whiskey to Oscar Leech, Junior Harris, or anyone else on that day or any other day. He testified that he had been to town that morning; that upon his return home he immediately went to where he had two negroes cleaning out a ditch and helped them; that he did not enter his home until they quit work at noon; that as soon as he arrived home his wife and daughter took the car and went to Rotan to attend the track meet. He proved by the two negro men who were engaged in clearing out the ditch near his home and near the road leading to his home that they did not see any white boys drive up in a car to appellant's home that day, that is, the day the track meet was going on at Rotan; that after the appellant's wife and daughter left for the track meet the appellant came to where they were at work and remained there with them until noon. The appellant further proved by his daughter that after appellant returned from town that day at about 10 A. M., she and her mother immediately took the car and went to Rotan to attend the track meet; that up to the time she and her mother left home at 10 A. M. no one had come to the house in a car and no whiskey was sold by the appellant.

By bill of exception No. 1 the appellant complains of the

action of the trial court in overruling his first application for continuance based on the absence of his wife who was ill, under the care of a physician, and unable to attend court; that he expected to prove and would have proved by her, if present, that he, appellant, did not keep any whiskey at home for the purpose of sale; that there was no whiskey on the premises and that no one came to their home on the morning of March 28 up to the time that she and her daughter left for Rotan to attend the track meet; that at no time when she was at home did Oscar Leech or any other person come to buy whiskey. The testimony which he expected his wife to give and which she would have given, if present, would have been cumulative of the testimony of the other witnesses except as to the fact that there was no whiskey on their premises and that appellant kept no whiskey for sale, but appellant, although testifying in his own behalf, did not even deny having whiskey on his premises on the morning in question. He merely denied that the boys came to his home and denied selling any whiskey to them. His wife could not say who came to the house after she left home nor could she say that Leech and Harris did not come to the house after she left. Leech and Harris both testified that they arrived at the appellant's home about 10:30, something like 30 minutes after the appellant's wife and daughter had left home. The appellant no doubt knew whether he had any whiskey at his home on the morning of March 28, 1934; at least, he should have known it better than his wife. Under such state of facts, it is not likely that if the appellant's wife had given the expected testimony that it would have brought about a different verdict. It has been uniformly held by this court that unless it appears from the record that if the absent testimony had been before the jury a more favorable verdict would have resulted to the appellant, no error is shown. See Harris. v. State, 52 Texas Crim. Rep., 118; Hart v. State, 134 S. W., 1178.

By a proper bill of exception the appellant complains of the action of the trial court in permitting the district attorney, over timely objection by appellant, to employ the following language in his closing argument: "You don't want a county of lawlessness. Defendant should be a guardian for your children and my children. You should send him to the penitentiary for selling liquor to this 18 year old boy and get rid of him once and for all."

Again: "What are you here for? Why indict a man and bring him before a court and jury if you are going to turn him loose?"

Again: "A suspended sentence is not intended for a man like this defendant, a man who sells whiskey to 18 year old boys."

Most of the argument as set forth in the first paragraph above was justified by the testimony. "What are you here for?" is in the nature of a question propounded to the jury. Evidently it directed their attention to the object and purpose of their duties. The second sentence is also in the form of a question to the jury and is not such as was calculated to arouse the passion and prejudice of the jury against appellant. The most objectionable argument employed by the district attorney is as follows: "Gentlemen of the jury, the defendant in this case has filed an application for a suspended sentence. I tell you that the effect of his request for the suspended sentence is an admission by the defendant that he is caught."

The record discloses that the court sustained the appellant's objection to said argument and orally instructed the jury not to consider same for any purpose. The court had already in his main charge instructed the jury that "an application for a suspended sentence could not be construed by them as any evidence of defendant's guilt for it was not; that it is merely a pleading and not any evidence of a fact." While we do not approve of the argument, yet we do not believe that we would be justified in reversing this case on account of the argument because the court promptly sustained the appellant's objection and instructed the jury not to consider it, and in addition charged the jury that the filing of an application for a suspended sentence could not be considered by them as any evidence of guilt. It has been held by this court in a number of cases that the argument complained of must not only be improper but must also be of a material character and such as under the circumstances was calculated to injuriously affect the defendant's rights before the jury. See Hardy v. State, 20 S. W., 561; House v. State, 19 Texas App., 227; Rahm v. State, 30 Texas Crim. Rep., 310; Bass v. State, 16 Texas App., 62.

Having reached the conclusion that no reversible error was committed in the trial of this case, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.