# FEBRUARY 27, 1935

Ira Madison Akers, alias Mat Akers v. The State.

No. 17202.   Delivered February 6, 1935.
Rehearing Denied February 27, 1935.

The opinion states the case.

*Cunningham & Cunningham,* and *McCloskey & Wasaff,* all of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for 17 years.

Garland Owens and his daughter were operating the First State Bank of Somerset, Texas, on the 17th day of November, 1933. Shortly after the bank opened on the date just mentioned, two men entered the bank, and, exhibiting pistols, forced Mr. Owens to deliver to them $700 in money. He and his daughter testified that appellant was one of the robbers.

Appellant did not testify in his own behalf, but introduced witnesses who testified that he was in Houston on the date of the robbery.

Bill of execption No. 1 presents the following occurrence: J. P. Reinhardt, one of the jurors, lived within four miles of the scene of the robbery. He knew Mr. Owens and his daughter, and some six or eight years prior to the robbery, had transacted some business with the bank. He testified on his voir dire examination that he knew nothing about the robbery, had talked to no witnesses and had formed no opinion at all regarding the guilt or innocence of appellant. He was asked by counsel for appellant if he would believe the testimony of Mr. Owens and his daughter "in preference to the testimony of any other witness." Counsel for the State objected to the form of the question and the objection was sustained. Appel-

lant had exhausted his challenges and was required to take the juror. The bill of exception fails to show what the answer of the juror would have been. From volume 4, page 373, Texas Jurisprudence, we quote the following: "A bill complaining of the refusal to permit the appellant to ask a question of a venireman is insufficient where it does not show what his answer would have been * * *." In Caton v. State, 147 S. W., 590, it was held that a bill of exception to the exclusion of certain questions in the examination of veniremen which did not recite what the expected answers were, would not be considered on appeal. To the same effect was the holding in Stevens v. State, 150 S. W., 944. See also Pendergrass v. State, 48 S. W. (2d) 997. It is unnecessary to decide whether the question was proper.

It is shown in bill of exception No. 2, as qualified, that while Mr. Owens was testifying on cross-examination by appellant he was asked: "Mr. Owens, what was the verdict of the jury in the case of the State of Texas against Major Faupel?" The State's objection to the question was sustained. It appears that Mr. Owens had theretofore identified Major Faupel as one of the participants in the robbery. The objection was properly sustained. The fact that Faupel had been acquitted was irrelevant and immaterial.

Bill of exception No. 3, as qualified, presents no error. In the qualification it is stated that the question propounded to the witness by counsel was answered and that the State did not object to said question.

Bill of exception No. 4 shows that appellant objected to a deputy sheriff being permitted to testify because of the fact that the rule had been invoked and said officer had remained in the courtroom. It appears that the court excused the officer from the rule because his services were necessary in the courtroom. The bill of exception fails to reflect error. See sec. 348, Branch's Annotated Penal Code.

Bill of exception No. 5 presents the following occurrence: Mrs. Felix Schonrock, appellant's sister, testified that appellant was in Houston on the date of the robbery; that she and appellant went to a store in Houston, where she bought a coat for her husband; that the saleslady gave her a return ticket to be used in the event the coat did not fit; that she fixed the date of appellant's presence in Houston by the date shown on said return ticket. At this juncture, appellant's counsel discovered that he did not have the return ticket and asked the assistant district atorney if he had it. He replied: "No, but

I can fix you up one in a minute." Appellant's objection to the remark of counsel were promptly sustained, and the jury instructed to disregard said remark for any purpose. Under the circumstances, we think the bill of exception fails to reflect reversible error.

Several bills of exception complain of argument on the part of the district attorney to the effect that appellant's defense of alibi was fabricated and that the witnesses who testified as to appellant's presence in Houston had lied. Probably counsel for the State should have used milder language in drawing inferences from the evidence. Be that as it may, it is the rule that counsel for either side have the right in argument to draw reasonable deductions from the testimony adduced on the trial. Branch's Annotated Penal Code, sec. 370; Kelly v. State, 40 S. W., 803.

In his motion for a new trial appellant alleged that since his conviction he had discovered new testimony material to his defense. The testimony heard on the motion is brought forward in a statement of facts which is entirely in question and answer form, without a certificate on the part of the trial judge showing the necessity for such form. Hence it cannot be considered. Burke v. State, 75 S. W. (2d) 94.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—A reversal is sought, as shown in the original opinion, because of alleged improper arguments upon the part of counsel for the State.

From Bill of Exception No. 6, we quote the language of which complaint is made: "Gentlemen of the Jury: You know it is a pleasure to work for you people—you pay me—you employ me—I would rather take your money any day in preference to any money paid to defense counsel by a bank robber obtained in bank robberies."

In other bills of exception the language complained of is as follows:

"This alibi was framed long before this robber robbed that bank"

"Now are you going to let this robber go free on perjured testimony?"

"This robber framed his alibi before he robbed that bank."

In the bills of exception the language appears in more detail but in substance it is as quoted above.

The identity of the appellant was shown by the testimony of eye-witnesses who were in the bank at the time of the robbery. They were positive in identifying the appellant as having been present and taking part in the robbery. The evidence is to the effect that the automobile used in the robbery, which was afterwards recovered, showed finger prints which were identified by several witnesses as the finger prints of the appellant. The car had been stolen and subsequently recovered. The finger prints were observed on the car after its recovery.

The conflict between the witnesses for the State and the appellant cannot be reconciled. Appellant's witnesses testified to the effect that they saw appellant at a place which rendered it impossible for him to have committed the offense. There could have been no argument for the State which would not have questioned the truth of the witnesses for the appellant. Likewise, the appellant's witnesses were in conflict with those of the State. On appeal, the effect of the remarks of counsel as influencing the verdict of the jury must be considered and appraised in the light of the facts before the court at the time. It is not the mere breach of propriety or undiplomatic language that will in every instance require reversal of the judgment on appeal. See Beeson v. State, 60 Texas Crim. Rep., 39.

The nature of the evidence and the verdict of the jury, as well as the remarks of counsel, must be considered. In the light of the record on the present appeal, the view is entertained that the conviction is due to the evidence and not to the remarks of counsel. See Ramirez v. State, 40 S. W. (2d) 138; Fritts v. State, 42 S. W. (2d) 609; Russell v. State, 44 S. W. (2d) 727; Threadgill v. State, 61 S. W. (2d) 821; Henderson v. State, 67 S. W. (2d) 266; Bryant v. State, 77 S. W. (2d) 235.

The motion for rehearing is overruled.

*Overruled.*