**David Michael SIMPKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 55787.

Court of Criminal Appeals of Texas, Panel No. 1.

Oct. 31, 1979.

Rehearing En Banc Denied Dec. 12, 1979.

---

**3.** See and compare *Ex parte Evans*, supra, and *Ex parte Jewel*, supra.

**132**

Ronald W. Aultman and Jerry J. Loftin, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Marvin Collins, Ronald G. Knight, Stephen R. Chaney and J. Michael Worley, Asst. Dist. Attys., Forth Worth, and Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

The appellant was convicted of murder on July 23, 1976. The jury assessed punishment at 10 years confinement.

The record reflects that on November 12, 1974, while the appellant was home on leave from the Army, he attended a talent and fashion show at Dunbar High School. After the program, the appellant approached a group of people, which included the deceased, John Milton. Several witnesses heard the deceased tell the appellant, "Man, I don't have to say anything to you. I'm grown." The appellant testified that the deceased also said, "Nigger, I'm grown, get out of my sight."

The appellant then left the group and returned to his car with Kelvin Curvey. When the appellant got a 12-gauge shotgun from the back seat, Curvey grabbed the gun and it discharged. Curvey testified that the gun fired as he was attempting to put it on safety.

The State's witnesses testified that the appellant returned about ten minutes later with the gun, walked up within four feet of the deceased, aimed the gun, and fired. After the gun fired, Alvin Giddings ran toward the appellant, as did Kelvin Curvey, and they struggled for the gun.

The defense presented evidence that the struggle for control of the gun did not take place after the shooting, but rather that the gun discharged, hitting the deceased, during the struggle for the gun.

In his first five grounds of error, the appellant contends the trial court erred in its refusal to charge the jury on the lesser included offenses of negligent homicide, aggravated assault, and involuntary manslaughter. Not only did the evidence not raise the issues of these lesser included offenses, but the appellant in his testimony has specifically denied the elements of all of these offenses. In ground of error number one, the appellant contends that the trial court erred in refusing to submit his requested charge on criminally negligent homicide. It is well settled that when evidence from any source raises a defensive issue or an issue of a lesser included offense, and the charge is properly requested, the charge on that issue must be submitted to the jury. *Branham v. State*, 583 S.W.2d 782 (Tex.Cr.App.1979); *Moore v. State*, 574 S.W.2d 122 (Tex.Cr.App.1978); *London v. State*, 547 S.W.2d 27 (Tex.Cr.App.1977); *Esparza v. State*, 520 S.W.2d 891 (Tex.Cr. App.1975). The accused's own testimony is sufficient to raise an issue. *Jackson v. State*, 548 S.W.2d 685 (Tex.Cr.App.1977).

The offense of criminally negligent homicide is committed when a person causes the death of an individual by criminal negligence. V.T.C.A. Penal Code, Sec. 19.07. Criminal negligence is defined in V.T.C.A. Penal Code, Sec. 6.03(d) as:

"A person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all

the circumstances as viewed from the actor's standpoint."

The appellant cites *Esparza v. State*, supra, for the proposition that the essence of negligent homicide is an intentional act producing an unintended result. It is the appellant's contention that his intentional act of carrying the gun into a crowd of people, and his unintended result of firing the gun, entitles him to a charge on criminally negligent homicide.

■ The distinction between intentional and unintentional acts which arose under our former penal code has been abolished. See *Dockery v. State*, 542 S.W.2d 644 (Tex. Cr.App.1975) (on Motion for Rehearing). In *Dockery*, supra, we stated that Sec. 6.03 of the new code defines four culpable mental states. Thus, a person may act "unintentionally" and still commit a criminal offense, provided he acts with knowledge, recklessness, or negligence.

V.T.C.A. Penal Code, Sec. 6.01(a) provides:

"A person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession, in violation of a statute that provides that the conduct is an offense."

■ Therefore, the distinction to be drawn in determining if the homicide is criminal is not whether the act is intentional or unintentional, but whether the act is voluntary or involuntary. In order for the homicide to be punishable, the evidence must show that the appellant committed a voluntary act with the requisite culpable mental state. See *Dockery*, supra.

There are two versions of the killing presented in the record before us. The State's witnesses testified that the appellant approached the group of people standing by the auditorium, stopped four feet from the deceased, aimed and fired the shotgun.

The appellant testified that the shooting was the result of an accidental discharge. He stated:

"Alvin run out toward me and grabbed the gun and we was tussling with the gun

and all of a sudden the gun went off, accidentally went off—how come, I don't know."

\* \* \* \* \* \*

Q. [Defense counsel]: Did you voluntarily pull that trigger?

A. No, sir, like I said again, it was an accident."

■ We have previously held that where the defense raised the issue of accident, the defendant is not entitled to a charge on negligent homicide. *Graham v. State*, 486 S.W.2d 92 (Tex.Cr.App.1972); *Palafox v. State*, 484 S.W.2d 739 (Tex.Cr.App.1972); *Smith v. State*, 470 S.W.2d 696 (Tex.Cr.App. 1971); *Shelton v. State*, 367 S.W.2d 867 (Tex.Cr.App.1963).

Of course, if the issue of negligent homicide is raised, the appellant is entitled to the charge; however, the defense of accident does not in and of itself raise the issue of negligent homicide.

In *Esparza v. State*, supra, upon which appellant relies, Judge Roberts stated:

"It is true that a number of opinions by this Court have stated that as a general rule a charge on negligent homicide is not required when a proper charge on accident is given . . . While ordinarily a clear defense of accident will not raise the issue of negligent homicide, this will not invariably be the case. When the issue is raised, . . . the accused is entitled to benefit from a charge on the subject."

In *London v. State*, supra, the defendant's murder conviction was reversed, this Court holding that where the issue of criminally negligent homicide *had* been raised, a charge on accident was not sufficient to protect the defendant's rights because it left the jury with the single alternative of finding him guilty of murder or setting him free.

■ We agree that if the facts raise the issue of negligent homicide, then a charge must be given. We also agree that if the issue of negligent homicide is raised, a charge on accident would be inadequate to

protect the appellant's rights. However, the evidence in this case did not raise the issue of this lesser included offense. No evidence indicates that the appellant possessed the requisite culpable mental state for negligent homicide, i. e., that he *ought* to have been aware of a substantial and unjustifiable risk. The appellant testified that he had qualified on the rifle range in the Army and that he knew weapons were dangerous. He also stated in his brief, "Obviously, the appellant realized carrying a gun toward a crowd of people created a substantial risk."

■ Where the evidence raises only the issue that the accused is guilty of the offense charged or no offense at all, the issue of the lesser included offense is not raised. *Thomas v. State*, 578 S.W.2d 691 (Tex.Cr. App.1979). The ground of error is overruled.

■ Appellant asserts in his third ground of error that the trial court erred in refusing his requested charge on aggravated assault. Again, the evidence does not raise the issue of this offense, in that the appellant has denied committing any voluntary or intentional act which would raise any of the elements of this offense.[1]

■ Additionally, the failure to give a charge on aggravated assault is not error where the appellant killed the deceased with a deadly weapon per se. *Smith v. State*, 411 S.W.2d 548 (Tex.Cr.App.1967). A shotgun has been held to be a deadly weapon per se. See *Burks v. State*, 165 S.W.2d 460 (Tex.Cr.App.1942).

In *Cain v. State*, 549 S.W.2d 707, 713 (Tex.Cr.App.1977), cert. den. 434 U.S. 845, 98 S.Ct. 149, 54 L.Ed.2d 111, we held that when a deadly weapon per se is used in a deadly manner and death results, there is no need to give a charge on aggravated assault even though the defendant testified he did not intend to kill the victim. See *Ruiz v. State*, 523 S.W.2d 691 (Tex.Cr.App. 1975); *Stills v. State*, 492 S.W.2d 478 (Tex. Cr.App.1973).

From a review of appellant's testimony, we conclude that the record does not reflect that a fact issue requiring submission of aggravated assault was raised. This ground of error is, therefore, overruled.

In ground of error number four, the appellant contends that the trial court erred in failing to charge the jury on involuntary manslaughter as requested.

■ A person commits the offense of involuntary manslaughter when he recklessly causes the death of an individual. V.T. C.A. Penal Code, Sec. 19.05(a)(1).

Recklessly is defined in V.T.C.A. Penal Code, Sec. 6.03(c) as follows:

"A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all circumstances as viewed from the actor's standpoint."

■ The evidence raised by the defense did not establish that the appellant consciously disregarded the risk of pointing and shooting the shotgun at the deceased. The appellant maintains that he did not take deliberate aim at the deceased and shoot as the State contends, but that the gun accidentally discharged while he was engaged in a struggle over control of the gun. See *Brooks v. State*, 548 S.W.2d 680 (Tex.Cr.App.1977).

The evidence did not raise the issue of involuntary manslaughter; therefore, this ground of error is overruled.

■ In grounds of error two and five, the appellant contends that the trial court erred by failing to give a complete charge on the law of accident as requested by the appellant.

The charge given to the jury states in pertinent part:

---

1. See V.T.C.A. Penal Code, Sec. 22.02(a)(1).

"You are instructed that a person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession. Conduct is not rendered involuntary merely because the person did not intend the results of his conduct. Therefore, if you believe from the evidence beyond a reasonable doubt that on the occasion in question the defendant, David Michael Simpkins, did cause the death of JOHN MILTON by shooting him with a gun, as alleged in the indictment, but you further believe from the evidence, or have a reasonable doubt thereof, that the shooting was the result of an accidental discharge of the gun while Alvin Giddings and the defendant were struggling or scuffling for the possession of the gun and was not the voluntary act or conduct of the defendant, you will acquit the defendant and say by your verdict not guilty."

Upon examination of the record we find that this instruction fairly and adequately presented the issue raised by the appellant's own testimony.

Appellant specifically complains about the portion of the charge which states:

"You are instructed that a person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession. Conduct is not rendered involuntary merely because the person did not intend the results of his conduct."

He asserts that the statement is a misdirection of the law and a comment on the weight of the evidence. In his brief, the appellant states:

"The charge impressed upon the jury that no involuntary conduct could ever be an offense, despite the various culpable mental states defined in the Penal Code."

The trial court has correctly stated the law as found in V.T.C.A. Penal Code, Secs. 6.01(a) and 6.02(a). See *Dockery v. State,* supra. These grounds of error are therefore overruled.

Next, the appellant contends that his motion for mistrial should have been granted because of a statement made by the State's witness Alvin Giddings. The prosecutor asked Giddings to relate what the appellant had told him about his boot camp experience. Giddings responded, "Well, first, well he told me the first day he went in they had a fight and afterwards they still had . ."

The defense counsel objected on the grounds that the statement was leading, suggesting, and immaterial. The court sustained the objection and instructed the jury to disregard the statement, whereupon defense counsel moved for a mistrial.

 Now, for the first time on appeal, the appellant contends that this evidence is inadmissible as his character and reputation were not in issue. The ground of error presented on appeal must be the same as the objection raised at trial. *Bouchillon v. State,* 540 S.W.2d 319 (Tex.Cr. App.1976); *Lejeune v. State,* 538 S.W.2d 775 (Tex.Cr.App.1976). There was no objection on the ground now urged; therefore, nothing is presented for review. Ground of error number six is overruled.

In ground of error number seven, the appellant asserts that the trial court erred in admitting improper evidence. The appellant complains of the following exchange between witness Alvin Giddings and the prosecutor:

"A. [Giddings]: Well, he said he was looking for a reputation.

"Q. [Mr. Knight]: What kind of reputation?

MR. AULTMAN: [Defense counsel]: That's not responsive to the question asked.

"THE COURT: Objection overruled.

"MR. AULTMAN: Note our exception.

"THE WITNESS: Fighting reputation."

 Again, the appellant's objection on appeal differs from the objection asserted during the trial. Nothing is presented for review. *Bouchillon* supra; *Lejeune,* supra.

Appellant contends in ground of error number eight, that reversible error was committed during jury argument, when the prosecutor intimated that the appellant had lied and had fabricated his defense. The appellant's general objection was overruled.

An argument will not constitute reversible error unless, in light of the record as a whole, the language complained of is manifestly improper, harmful, and prejudicial. *Kerns v. State*, 550 S.W.2d 91 (Tex.Cr. App.1977); *Thompson v. State*, 480 S.W.2d 624 (Tex.Cr.App.1972). In *Greer v. State*, 523 S.W.2d 687 (Tex.Cr.App.1975), we said that where the defendant's testimony is clearly contrary to the preponderance of the evidence introduced by the State, it is not reversible error for the prosecutor to argue that the facts of the case prove that the accused was not telling the truth. There should be no different rule for discussion of the appellant's testimony than that of any other witness. Error, if any, was not so harmful as to require reversal. Ground of error number eight is overruled.

In ground of error number nine, appellant refers to the portion of the argument wherein the prosecutor related to the jury the discrepancies in the defense witness' testimony. The defense counsel's only specific objection to these statements was that the statements were outside the record.

Confronted with a similar argument in *Akers v. State*, 128 Tex.Cr.R. 68, 79 S.W.2d 128 (1935) (Motion for Rehearing), we said:

"The conflict between the witnesses for the state and the appellant cannot be reconciled. . . . There could have been no argument for the state which would not have questioned the truth of the witnesses for the appellant. Likewise, the appellant's witnesses were in conflict with those of the state. On appeal, the effect of the remarks of counsel as influencing the verdict of the jury must be considered and appraised in the light of the facts before the court at the time."

The prosecutor, in jury argument, has the right to make reasonable deductions from the testimony adduced at trial. The discrepancies referred to by the prosecutor were contained in the record; therefore, the argument was a reasonable deduction from the evidence.

This ground of error is overruled.

Appellant contends that a mistrial should have been granted because of improper and inflammatory jury argument made by the prosecutor. The remark complained of by the prosecutor was as follows:

"So I ask you not on sympathy, but in behalf of the Milton family who is happy to see this matter handled in a legal manner in front of a jury in Tarrant County . . ."

The defense counsel objected, saying, "Your Honor, now that's outside the record."

The court sustained the objection and instructed the jury not to consider the statement for any purpose. The appellant's motion for a mistrial was denied.

On appeal, the appellant now objects to the remark as being an attempt to inflame or prejudice the minds of the jurors through sympathy. Again, the ground of error presented on appeal must be the same as the objection raised at trial. *Bouchillon v. State*, supra; *Lejeune v. State*, supra. Nothing is presented for review.

However, even if the ground or error alleged had been the same as the trial objection, the argument of the prosecutor appears to have been an invited response to the defense counsel's argument that the deceased's family "beat the living daylight" out of a defense witness, that they "kept a lot of people of (sic) the stand" and that the deceased's family insisted that charges be filed.

Ground of error number ten is overruled.

In his final ground of error, the appellant complains of the following argument of the prosecutor as being outside the record:

"[Prosecutor, Mr. Chaney]: And they want you to believe that in all of the forty people in the crowd, the man that was killed was accidentally John Milton.

"Isn't that the most amazing coincidence in the world that this accidental shot hit the very man that he was going to scare, the very man that in effect called him a little kid?

"Isn't that amazing? What's the probability of that—one in a million?"

 A jury argument must be either extreme or manifestly improper or inject new and harmful facts to be reversible. *Thomas v. State*, 519 S.W.2d 430 (Tex.Cr. App.1975). While the prosecutor's mathematical calculations are outside the record, the appellant has not shown that he was unduly prejudiced by this remark. No reversible error has been shown; therefore, this ground of error is overruled.

Finding no reversible error, the judgment is affirmed.