Glen Carleton **WALLACE**, Appellant,

v.

**The STATE of Texas, State.**

No. 2–81–149–CR.

Court of Appeals of Texas, Fort Worth.

June 9, 1982.

**796**

Larry M. Thompson, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and M. Eugene Grant, Jr., Asst. Dist. Atty., Fort Worth, for State.

Before HUGHES, HOLMAN and RICHARD L. BROWN, JJ.

OPINION

RICHARD L. BROWN, Justice.

This is an appeal from a conviction of aggravated robbery. The jury found the allegation of a prior conviction contained in the indictment to be true and assessed punishment at sixty years confinement in the Texas Department of Corrections.

We affirm.

On the night of April 21, 1979, Fort Worth police officers were called to investigate reports of a suspicious vehicle and possible gunshots at a house in a residential section of that city. Upon arriving in the neighborhood, the officers observed a man, later identified as appellant, with a gun, fleeing from a residence. One officer pursued appellant while the other entered the house to investigate. The officer who entered the house found that it was on fire. The officer who chased appellant eventually lost him in the woods behind the house. A vehicle, which contained appellant's wallet, a television set and other personal items taken from the residence, was left at the scene.

As fire truck sirens blared through the neighborhood and a police helicopter hovered overhead to search for appellant, Fred Taylor stepped outside of his nearby house to investigate. While Taylor was standing on his porch, appellant stepped out of the shrubbery and forced him back into his house at gunpoint. Appellant held Taylor and his family hostage for approximately two and a half hours before ordering Taylor to drive him across town. Once appellant was taken to his requested location, he called the police to report as stolen the vehicle he had earlier abandoned. Police officers arrived to question appellant and placed him under arrest after they found that he and the vehicle matched the description given by witnesses to the prior episodes of the evening.

While in custody, but prior to his indictment, appellant slashed both of his wrists and swallowed a light bulb. After appellant's appointed trial counsel became aware of this, he filed a written motion for psychiatric examination of appellant pursuant to V.A.C.C.P. art. 46.02 § 3(a). The motion alleged that appellant was incompetent to stand trial and was unable to aid in the preparation of his defense. The court granted appellant's motion and appointed Dr. Lehrer, a practicing psychiatrist to examine appellant. On August 16, 1979, Dr. Lehrer attempted to interview appellant, but the examination was terminated when

appellant refused to cooperate. Thereafter, on September 18, 1979, appellant filed a second motion for a psychiatric examination which was granted. The following day Dr. Lehrer conducted a psychiatric examination and diagnosed appellant as psychotic and unable to cooperate with his counsel. On September 20, 1979, a jury was impanelled and a hearing held to determine appellant's competency to stand trial. The jury determined that appellant was incompetent to stand trial, and he was sent to Rusk State Hospital for treatment.

By a letter dated January 10, 1980, the superintendent of the Rusk Hospital notified the trial court that the appellant was competent to stand trial. On the basis of that letter the trial court made a specific finding that appellant was competent and issued a bench warrant for his return. On May 2, 1980, appellant underwent yet another psychiatric examination following the filing of his notice of insanity defense. Appellant was found to be competent to stand trial and able to cooperate with his counsel.

On August 26, 1980, the case came to be heard on the merits. On that date appellant filed a written motion for psychiatric examination and also presented the motion orally to the court prior to voir dire. Appellant's motion was overruled on the basis that the trial court believed appellant competent and that the motion was untimely. During the overnight recess between jury selection and the beginning of testimony, appellant again slashed his wrists and had to be hospitalized. Defense counsel's attempts to persuade the trial court to grant his motion were unsuccessful.

Following the completion of the trial, appellant filed yet another motion for psychiatric examination, which was granted by the trial court. The court appointed two psychiatrists, Dr. Lehrer and Dr. Schackelford, to examine appellant. The examinations were conducted and both doctors filed reports with the trial court. Dr. Lehrer reported that appellant "was just putting on an act", that he was "malingering" and concluded that appellant was legally competent at the time of trial.

Dr. Schackelford reported, that, in his opinion, appellant was suffering from a mental disorder. Dr. Schackelford also stated, however, that at least some of appellant's actions appeared to be merely a ruse. Appellant's competency at the time of trial was not addressed in the report.

After the trial court received these two reports, a hearing on appellant's motion for a competency hearing was held before the court. At the hearing, appellant's counsel reurged his motion but did not present any evidence in support thereof to the court. In overruling appellant's motion, the trial court found that there was no evidence to support a finding of appellant's incompetence. Additionally, the trial court found that Dr. Lehrer's report indicated quite the opposite—that appellant was faking some type of mental disorder.

By his first ground of error, appellant contends that the trial court reversibly erred in overruling his post-trial motion for a competency hearing. We disagree.

At the outset we note that appellant's motion for psychiatric examination, filed on the date of trial, was properly overruled as being untimely. V.A.C.C.P. art. 46.02 § 2(a) provides for the pre-trial determination of incompetency, upon written motion filed prior to the date set for trial on the merits. A motion for psychiatric examination filed on the date of trial is untimely. *Nelson v. State,* 629 S.W.2d 888 (Tex.App.—Fort Worth, 1982). However, the motion can be presented after the trial on the merits but prior to sentencing. V.A. C.C.P. art. 46.02 § 4(c). This procedure was observed in the instant case.

V.A.C.C.P. art. 46.02 delineates the procedure to be followed by the trial court, in determining whether an accused is mentally incompetent to stand trial. The statute provides for a bifurcated process in reaching that determination. Initially, the trial court must determine that there is evidence to support a finding of the accused's incompetency. Art. 46.02 § 2. It is only after this threshold determination is made that a jury is impanelled to decide

798

whether the defendant is incompetent to stand trial. Art. 46.02 § 4(a). The trial court makes the preliminary inquiry as to the existence of *any* evidence to *support a finding* of incompetence. The trial court does not weigh the evidence, rather this is left to the province of the jury.

The Court of Criminal Appeals outlined the appropriate procedure for determining this issue in *Vigneault v. State*, 600 S.W.2d 318, 322 (Tex.Cr.App.1980). There the Court stated:

Article 46.02, § 2(a), supra, provides that . . . the trial court is to determine whether evidence exists which would support a finding that the accused is incompetent to stand trial; if such evidence is extant, the trial court must impanel a jury to resolve the issue, without regard to the existence, or for that matter, the clear preponderance, of evidence presented to support a finding of competence.

See also *Sisco v. State*, 599 S.W.2d 607 (Tex.Cr.App.1980), for the proposition that the trial judge does not consider competing evidence tending to show competence if there is any evidence that would support a finding of incompetence.

■ In the instant case, the hearing on appellant's motion for a competency hearing was conducted after the trial on the merits and prior to sentencing pursuant to art. 46.02, § 4(c) *supra*. The following colloquy between the court and defense counsel occurred at that hearing:

THE COURT: Do you have a motion you wanted to present to me, Counsel?

MR. LEONARD: Yes, Your Honor. We would have a motion that we presented at trial date in Cause No. 17824, as to an examination by a psychiatrist. I believe both of those examinations have been done and we would continue to ask the Court under that motion for a competency hearing.

THE COURT: All right, the Court finds that there are letters from psychiatrists here. Now this one that is dated September the 12th of '80—okay, *do you have any evidence, Counsel, that you wish to present to the Court in support of your motion?* Are you asking for a further examination or competency hearing?

MR. LEONARD: A competency hearing, Your Honor.

THE COURT: *Do you have any evidence that you wish to present at this time for the competency hearing?*

MR. LEONARD: *No, sir, no particular evidence* other than to urge the Court under Article 46.02 of the Code of Criminal Procedure as to competency or incompetency to stand trial. Of course, this goes back to the date of trial.

. . . . .

THE COURT: *And you have no further testimony?*

MR. LEONARD: *Not at this time,* Your Honor.

THE COURT: All right, the Court overrules your motion and in so doing *the Court makes a finding of fact that there is no evidence at this time to support that the Defendant is incompetent.* [Emphasis added.]

It is apparent that the trial court afforded appellant every opportunity to present evidence to support a finding of his incompetence, which appellant failed to do. Bare assertions by appellant's counsel were insufficient to entitle appellant to a jury consideration of his incompetence. *Vigneault v. State, supra.* We find no error in the trial court's refusal to impanel a jury and conduct a further hearing on appellant's motion. Ground of error one is overruled.

■ Next, appellant complains of the prosecutor's statements in final argument to the jury, wherein, referring to the appellant the prosecutor stated:

The State of Texas tells you that he was normal enough to have a driver's license, that he passed the driver's license test and has a driver's license in the State of Texas. Six Flags says this man can walk around among you and have fun where everybody else does. He is normal enough to want to have fun. That's in front of you.

MR. LEONARD: I object to that. There is no testimony as to how long he had the driver's license or how long he had that Six Flags thing and that's not evidence as to what he was doing on that night.

Appellant's objection was overruled.

Appellant claims that the objection specified that the argument went outside the record and did not constitute a reasonable inference therefrom. We do not view the objection as so specifying. "The ground of error presented on appeal must be the same as the objection raised at trial." *Bouchillon v. State*, 540 S.W.2d 319 (Tex.Cr.App.1976). However, even if the ground of error alleged had been the same as the objection raised at trial, it is not clear that the argument was improper, or if improper, warrants a reversal of the judgment of the trial court.

"A jury argument must be either extreme or manifestly improper or inject new and harmful facts to be reversible." *Simpkins v. State*, 590 S.W.2d 129, 137 (Tex.Cr. App.1979); *Thomas v. State*, 519 S.W.2d 430 (Tex.Cr.App.1975). We do not find the argument in question to be of such an extreme nature as to constitute reversible error. Appellant has failed to show that he was prejudiced by the State's argument. Ground of error two is overruled.

The judgment of the trial court is affirmed.