Reginald HUNTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 689–82.

Court of Criminal Appeals of Texas,
En Banc.

March 23, 1983.

Bruce Anton, Dallas, for appellant.

Henry Wade, Dist. Atty., R.K. Weaver, Mike Wilson and Royce West, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was found guilty of murder after a jury trial and was sentenced to fifteen years in prison. Proper requests for jury charges on criminally negligent homicide and involuntary manslaughter were

overruled by the trial court. Appellant urges two grounds of error: first, the trial court erred in refusing to charge the jury on criminally negligent homicide; second, the trial court erred in refusing to charge the jury on involuntary manslaughter. We granted appellant's petition for discretionary review to determine whether the court of appeals erred in upholding the trial court's refusal to give the requested charges.

At trial, appellant testified to the following:

"Q And did you pull the trigger on the gun when the gun discharged?

"A I did not pull the trigger.

"Q What were you doing when you swung your arm over the back seat with the gun in your hand? What was your intention?

"A Well, I was intending on just trying to make her hush, really. A matter of a second—just a big 'pow.'

"Q How were you going to make her hush?

"A Well, it's the only way that we could, you know, communicate because I had taken her back home the week before and I was just really intending on making her hush so I could take her back home.

"Q In order to make her hush were you going to shoot her?

"A No, I wasn't going to shoot her.

"Q Were you going to hit her?

"A I wasn't intending on it.

"Q And to this day do you know why the gun went off?

"A No, sir, I don't.

\* \* \* \* \* \*

CROSS–EXAMINATION

"Q Have you fired this gun before July the 30th, of 1980?

"A Never ever. I didn't even know if it would shoot.

\* \* \* \* \* \*

"Q Mr. Hunter, I just have really one question for you. Before you turned

your hand toward the back seat with the gun did you cock this gun?

"A No.

"Q Do you know if the gun was cocked when you pointed it at the back seat?

"A No, I didn't.

\* \* \* \* \* \*

"Q And what did you say you were going to do with the gun?

"A I was just intending on just scaring her or something so she would hush until I got her back to Tyler.

"Q Did you point the gun at her?

"A I did not point the gun at her. I was still looking straight ahead.

"Q You just were driving the car looking ahead and swung the gun around?

"A Yes, sir.

■ The general rule concerning the required submission of jury charges is that when the evidence from any source raises an issue of a lesser included offense, and there is testimony that, if guilty at all, the defendant is only guilty of the lesser included offense, then the charge on the lesser included offense must be submitted to the jury, assuming the charge is properly requested or its omission properly objected to. *Simpkins v. State,* 590 S.W.2d 129, 132 (Tex. Cr.App.1979), and cases cited therein; *Watson v. State,* 605 S.W.2d 877 (Tex.Cr.App. 1979). Moreover, a defendant's own testimony is sufficient to raise the issue. *Campbell v. State,* 614 S.W.2d 443 (Tex.Cr.App. 1981); *Jackson v. State,* 548 S.W.2d 685 (Tex.Cr.App.1977).

The offense of criminally negligent homicide is committed when a person causes the death of an individual by criminal negligence. V.T.C.A. Penal Code, Sec. 19.07. Criminal negligence is defined in V.T.C.A. Penal Code, Sec. 6.03(d) as:

"A person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his

conduct or the result of his conduct *when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur.* The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint." (Emphasis supplied).

■ In this case, the evidence is sufficient to raise the issue of criminally negligent homicide, a lesser included offense of murder. Appellant testified that he did not know why the gun went off, he did not intend to shoot or hit the victim, and he did not cock the gun. He did, however, swing his arm around toward the back seat, aiming the gun in the general vicinity of the deceased. This testimony raised an issue as to whether appellant was negligent in not perceiving the risk which his conduct created.

Other fact situations giving rise to the criminally negligent homicide charge are helpful in this analysis. In *Bodeker v. State,* 629 S.W.2d 65 (Tex.App.—Dallas, 1981, disc. rev. ref'd 1982), the court of appeals found that criminal negligence was raised where the testimony indicated that the deceased was pushed into a knife held by defendant during a struggle. Since there was an issue as to whether defendant was negligent in not perceiving the risk of injury created by his conduct in obtaining and holding the knife, the trial court erred in refusing the charge on criminal negligence. *Id.* at 66.

In *Branham v. State,* 583 S.W.2d 129, 132 (Tex.Cr.App.1979), this court held that where the defendant testified that she thought the gun was unloaded, that she did not intend to fire the gun, that her finger was not on the trigger, and that the gun accidently discharged when she was grabbed by a third party, the issue of criminal negligence was raised. *Id.* at 785.

The cases relied on by the court of appeals, *Simpkins,* supra, and *Bravo v. State,* 627 S.W.2d 152 (Tex.Cr.App.1982), are distinguishable from the case at bar. In *Simpkins,* there was no issue as to whether the defendant ought to have been aware of the substantial risk created by his conduct; rather, the evidence showed the defendant knew of the risk. The defendant qualified on the rifle range in the Army and knew weapons were dangerous. He also testified that he realized carrying a gun toward a crowd of people created a substantial risk. *Id.* 590 S.W.2d at 134. In the case at bar, appellant's testimony concerning his actions in swinging the gun to the rear of the car, without looking, coupled with his belief that the gun may not have been in working order raises the issue of criminal negligence. In *Bravo,* supra, the evidence did not show that the defendant ought to have been aware of a substantial risk; rather the defendant intended the result of his actions. His confession showed that he intentionally shot at the deceased with a .30 caliber rifle. *Id.,* 627 S.W.2d at 158. In the case at bar, appellant testified that he did not intend to shoot the deceased. Criminal negligence, therefore, was raised.

■ Not only did the evidence raise the issue, but the trial court's refusal to charge the jury harmed appellant as well. By charging the jury on murder only, the trial court left the jury no alternative but to convict appellant of murder or acquit him. A charge on criminal negligence, which was raised by the evidence, would have given the jury another alternative more consistent with the facts testified to by appellant. *Giles v. State,* 617 S.W.2d 690 (Tex.Cr.App. 1981); *Esparza v. State,* 520 S.W.2d 891, 893 (Tex.Cr.App.1975). The court of appeals, therefore, erred in overruling appellant's first ground of error.

■ The evidence in this case did not raise the issue of involuntary manslaughter: there was no evidence that appellant was aware of but consciously disregarded a substantial risk created by his conduct. See *Simpkins,* supra. The second ground of error is overruled.

The judgments of the court of appeals and the trial court are reversed and the cause is remanded for action consistent with this opinion.

W.C. DAVIS, McCORMICK and CAMPBELL, JJ., concur in the result.