Opinion issued October 21, 2010 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00891-CR

———————————

mICHAEL lOUIS HALL, Appellant

V.

tHE STATE OF
TEXAS, Appellee



 



 

On Appeal from the 230th District Court

Harris County, Texas



Trial Court Case No. 1182444

 



MEMORANDUM
OPINION

A jury convicted Michael
Louis Hall of the felony offense of aggravated sexual assault of a child and
assessed punishment at ten years’ confinement.[1]  See
Tex. Penal Code Ann § 22.011(a)(2)(A) (Vernon Supp. 2009). 
On appeal, Hall contends that (1) the trial court erred by overruling
his objection that the State’s argument during the punishment phase was outside
the scope of the record, and (2) he received ineffective assistance of
counsel.  We hold that the trial court
correctly overruled Hall’s objection, and Hall failed to meet his Strickland burden to demonstrate that his
trial counsel performed deficiently.  We
therefore affirm.

Background

In
August 2008, Hall’s eight-year-old daughter, Z.H., alleged that Hall sexually
assaulted her during one of her weekend visits to his apartment.  Z.H. testified that Hall engaged in numerous sexual
acts with her during this visit.  After
Z.H. found an adult toy on the floor of his apartment, Hall undressed himself, told
her to undress, and he put the toy on her crotch and turned it on, causing it
to vibrate.  She further testified that Hall
put his penis against her crotch and attempted vaginal intercourse with her,
and that Hall engaged in anal intercourse with her. Hall then told Z.H. to touch
his penis, and he touched Z.H.’s breasts and crotch with his hands, sucked on
Z.H.’s breasts with his mouth, and licked Z.H.’s crotch with his mouth and
tongue.  

Misty
Hall, Z.H.’s mother and Hall’s estranged wife, testified that Z.H. frequently
visited Hall’s apartment after Misty and Hall had separated.  Following one visit in August, she observed
Z.H. acting differently.  A week later, Z.H.
told Misty that Hall had undressed in front of her and sexually assaulted her.  Misty called Child Protective Services (CPS).  Dr. Rena Isaac examined Z.H.  She found residual scars on Z.H.’s perianal
tissue, consistent with the alleged abuse.

Misty
acknowledged that she and Hall did not have a happy marriage.  She was upset and angry with Hall for several
reasons, including their separation and the fact that Hall
took Z.H. to visit a woman with whom he had an affair.  Misty told Z.H. that Hall could be dangerous
because he had once tried to choke Misty and he had used crack cocaine and other
drugs.  Misty admitted that Hall
introduced her to crack cocaine several months before the incident with Z.H.  According to Misty, she stopped using drugs before
the incident with Z.H. occurred, but she was angry with Hall for introducing
her to the drug. 

Hall’s
trial counsel elicited testimony from Misty that, sometime after she initially reported
the incident with Z.H., Misty revealed to the police that she had once observed
Hall watching child pornography while he still lived with her.  Upon being asked why she did not bring this
fact to anyone’s attention until a month after Z.H.’s initial outcry to CPS and
the police, Misty claimed that she did not remember it, and it did not cross
her mind at the time.  Defense counsel
questioned Misty why she would leave her child with someone she thought viewed
child pornography.  Misty stated that she
thought that Hall understood that it was wrong, and he had told her that he was
just curious and wanted to see it real quick. 
She denied she told the police about the child pornography because she
hated Hall.  Houston Police Department
Officer Morrow confirmed that Misty had not made the child pornography allegation
in her initial statement.  Morrow further
testified that he had recovered some sex toys from Hall’s apartment, but none
matched the one that Z.H. described.   

Hall
testified on his own behalf.  He denied
every aspect of Z.H.’s testimony about the assault.  He admitted to marijuana and crack cocaine use
in the past, but he denied using either during the weekend of the alleged
sexual assault.  Hall also denied ever
being physically violent with Misty except on one occasion when he took her to
a mental hospital.  Hall admitted that
both he and Misty would look for sexually explicit adult things on the internet,
but he denied viewing child pornography.  The State presented no evidence that the police
had obtained any of Hall’s computers or discovered any child pornography on
them.  According to Hall, Z.H. was lying
about the assault, and Misty manipulated Z.H. into testifying against him because
Misty was angry and wanted to take Z.H. away from him.   

 

 

Discussion

Improper Jury
Argument 

Hall first contends that the trial court erred by overruling his
objection that, during its closing jury argument in the punishment phase, the
State argued facts not in evidence.  The
law provides for a fair trial free from improper argument by the State. Long
v. State, 823 S.W.2d 259, 267 (Tex. Crim. App. 1991); Thompson v. State,
89 S.W.3d 843, 850 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd).
Permissible jury argument generally falls into four categories: (1) summation
of the evidence; (2) reasonable deductions from the evidence; (3) pleas for law
enforcement; and (4) responses to opposing counsel. Jackson v. State, 17
S.W.3d 664, 673 (Tex. Crim. App. 2000); Dominguez v. State, 125 S.W.3d
755, 763 (Tex. App. —Houston [1st Dist.] 2003, pet. ref’d). “[P]rosecutors have
wide latitude in the language and manner of arguing their side of the case
consistent with the evidence.” Holberg v. State, 38
S.W.3d 137, 141 (Tex. Crim. App. 2000).  The prosecutor may argue any reasonable deductions from the
testimony adduced at trial.  Simpkins v.
State,
590 S.W.2d 129, 136 (Tex. Crim. App. 1979).  

Here, the prosecutor
stated:

Because [Z.H.] came in here and told you
the truth of what happened to her, what he did to her.  Who cares if it was one time?  No child should have to go through that.  Imagine what she had to be going through this
thinking—her dad is doing every sex act imaginable on her.  

Hall objected on the ground that the State was arguing facts that
were not in evidence, and the trial court overruled the objection.  During the guilt-innocence stage of Hall’s trial,
the State presented evidence that Hall performed numerous sexual acts on Z.H.  Z.H. testified that Hall engaged in seven
separate and distinct sexual acts with her during the weekend visit: (1) he placed a sex toy on Z.H’s
crotch and turned it on, causing it to vibrate; (2) he attempted vaginal sexual
intercourse with Z.H.; (3) he engaged in anal intercourse with Z.H.; (4) he
directed Z.H. to touch and manipulate his penis with her hands; (5) he touched
and manipulated Z.H.’s breasts and crotch with his hands; (6) he sucked on Z.H.’s
breasts with his mouth; and (7) he licked Z.H.’s crotch with his mouth and
tongue.  In face of the evidence, the
prosecutor’s comment, “[i]magine what she had to go through to be going through
this thinking—her dad is doing every sex act imaginable on her,” constituted a
reasonable deduction from all the evidence produced at trial.  

Hall relies on Melton
v. State for the proposition that, during jury argument, the State cannot
permissibly suggest that the defendant was responsible for additional crimes
not alleged in the indictment and not supported by the evidence.  See
Melton v. State, 713 S.W.2d 107,114 (Tex. Crim.
App. 1986).  In Melton, the State indicted the defendants for the theft of
equipment worth over $200.00.  Id. at 107.  The prosecutor tried to persuade the jury in
the guilt-innocence phase of the trial that the defendants were responsible for
more than just the offense alleged in the indictment, and asked the jury to
convict the defendants on that basis.  Id. at 114.  The Court of Criminal Appeals held the
prosecutor’s action was outside the record and impermissible.  Id.


Hall’s reliance on Melton
is misplaced.  Here, the evidence in the record suggests that Hall performed
numerous sex acts on Z.H., whereas in Melton
there was no basis in the record for prosecutor’s insinuation that defendants had
committed thefts not alleged in the indictment.  See also Simpkims, 590 S.W.2d at 136 (finding that the trial court
properly overruled defendant’s objection to prosecutor’s insinuation during
jury argument that defendant had lied because the insinuation was a reasonable
deduction based on evidence in the record). Because the
prosecutor argues a reasonable deduction from evidence in the record, we hold
that the trial court correctly overruled Hall’s objection on the grounds of
improper jury argument.

Ineffective Assistance of Counsel

Hall
also contends that he received ineffective assistance of counsel because his
trial counsel: (1) elicited prejudicial evidence of Misty Hall’s accusations
that he used drugs, exhibited violent behavior toward her, and viewed child
pornography; and (2) failed to request limiting instructions allowing consideration
of this prejudicial evidence solely for the question of motive.  To prevail on a claim of ineffective
assistance of counsel, the defendant must show that (1) his counsel’s
performance was deficient and (2) a reasonable probability exists that the
result of the proceeding would have been different.  Strickland v. Washington,
466 U.S. 668, 687 (1984).  The
first prong of Strickland requires the defendant to show that counsel’s
performance fell below an objective standard of reasonableness.  Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).
 Thus, the defendant must prove
objectively, by a preponderance of the evidence that his counsel’s representation
fell below professional standards.  Mitchell v. State, 68
S.W.3d 640, 642 (Tex.
Crim. App. 2002).  The second
prong requires the defendant to show a reasonable probability that, but for
counsel’s unprofessional errors, the result of the proceeding would have been
different.  See Strickland, 466 U.S. at 694; see also Thompson, 9 S.W.3d at 812.  In reviewing counsel’s performance, we look
to the totality of the representation to determine the effectiveness of
counsel, indulging a strong presumption that the attorney’s performance falls
within the wide range of reasonable professional assistance or trial
strategy.  Thompson, 9 S.W.3d at 813.  Furthermore, a claim of ineffective
assistance must be firmly supported in the record.  Id. (citing McFarland v. State, 928 S.W.2d 482, 500
(Tex. Crim. App. 1996)).  Where the
record does not offer an explanation for trial counsel’s actions, we presume
that counsel made all significant decisions in the exercise of reasonable
professional judgment.  Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994); Broussard v. State,
68 S.W.3d 197, 199 (Tex. App.—Houston [1st Dist.] 2002,
pet. ref’d).

A.   
Prejudicial
Evidence 

Hall
did not allege ineffective assistance in his motion for new trial so his trial
counsel had no opportunity to state reasons for the particular acts and
omissions of which Hall complains.  His
trial counsel, however, discussed his purposes for eliciting the complained-of
testimony in response to inquiries by the trial court.  Counsel stated that he elicited the testimony
to show that Misty hated Hall and thus had a motive to manipulate Z.H. into
falsely accusing him. 

The Court of Criminal Appeals has held that an
“undoubtedly risky” trial strategy that ultimately does not pay off is not
necessarily unacceptable or “wholly unjustified.”  See
Delrio v. State, 840 S.W.2d 443, 446–47 (Tex. Crim. App. 1992) (per
curiam); see also Heiman v. State,
923 S.W.2d 622, 626-27 (Tex. App.—Houston
[1st Dist.] 1995, pet. ref’d) (holding that counsel was not ineffective for
failing to object to evidence of extraneous offenses because the record
reflected a plausible trial strategy to refrain). 

Here,
counsel risked the possibility that the jury would believe Misty’s allegations
of extraneous bad acts, and this belief would negatively affect their view of
Hall. The introduction of the allegations, however, also illustrated Misty’s
bias against Hall and, if not believed, could cast doubt on her credibility as
well as Z.H.’s.  Misty admitted under
cross-examination by counsel that she did not report Hall’s conduct regarding child
pornography at the time of her initial outcry statement to police, but instead
reported it a month later.  Counsel also asked
Misty why she would leave her child with someone who watches child pornography,
suggesting that a reasonable parent would not allow further visits if such
allegations were true.  Further, the State
presented no evidence that the police had obtained any of Hall’s computers or
attempted to discover whether he stored child pornography on them, and Hall
denied viewing, storing, or being interested in child pornography.   On
these facts, a jury plausibly could infer that Misty had fabricated this
allegation and was not a credible witness. 

In
eliciting the testimony that Hall once tried to choke Misty and used crack
cocaine, counsel intended to show Misty’s bias against Hall and manipulation of
Z.H. Counsel established that Z.H. found out about Hall’s drug use and alleged
violence from Misty.   Counsel asked Misty
if she told Z.H. about the drug use out of anger.   Although she said it was not out of anger, she
admitted she told Z.H. about it only after she and Hall had separated.  Further, she admitted that Hall’s substance
abuse and infidelity probably factored into her hatred of him.  Later, she stated that she was angry with
Hall for introducing her to crack cocaine. 
Based on these facts, a jury could infer that Misty hated Hall, and that,
because of her hatred, she manipulated Z.H. by telling her about Hall’s bad
acts.     

Based on the record and the strong presumption that counsel’s performance falls within
the wide range of reasonable trial strategy, we
hold that Hall has not proved, by a preponderance of the evidence, that counsel’s assistance fell below reasonably
professional standards. We conclude appellant has not satisfied the first prong
of Strickland. 

          B. Failure to Obtain Limiting Instructions

Hall also contends that his trial counsel acted deficiently by
failing to request limiting instructions restricting the jury’s consideration
of the prejudicial testimony about Hall’s extraneous bad acts to Misty’s motive.  When the defendant
asks for a limiting instruction on extraneous evidence, the trial court
generally errs in not giving the instruction. See Ex parte
Varelas, 45 S.W.3d 627, 631 (Tex. Crim. App. 2001).  However, absent record evidence, a reviewing
court cannot simply speculate about trial counsel’s reasons for failing to
request an instruction. See id. at 632
(explaining that the “bare record does not reveal the nuances of trial
strategy” and that “to hold trial counsel’s actions (or inaction) ineffective
in the [direct appeal] would call for speculation and such speculation is
beyond the purview of this Court”).

Here,
the record is silent regarding his trial counsel's strategic decision not to
request a limiting instruction. We cannot speculate as to trial counsel's
reasons for failing to request a limiting instruction.  Varelas, 45 S.W.3d at
632.  Mere surmise is an
insufficient evidentiary foundation to hold trial counsel's failure to request
a limiting instruction ineffective. Hall has not proved, by a preponderance of
the evidence that no plausible professional reason existed for counsel’s
failure to seek a limiting instruction. 

Because we hold that Hall failed to establish that his trial
counsel’s performance fell below an objective standard of reasonableness, we do
not address the second prong of Strickland—whether
counsel’s deficient performance prejudiced Hall.  We note, however, that the State indicted
Hall on two counts of sexual assault of a child, and although the jury
convicted Hall of one count, it acquitted him of the other, suggesting that
trial counsel’s performance did not prejudice Hall, given the physical evidence
in the case.  See Anaya v. State, 988 S.W.2d 823, 826–27
(Tex. App.—Amarillo 1999, no pet.) (holding that,
although counsel’s performance was deficient because counsel elicited and
opened door to inadmissible extraneous offense testimony, counsel’s deficient
performance did not prejudice defendant since jury acquitted defendant of two
of three counts in indictment).

 

 

 

 

Conclusion

          We hold
that trial court correctly overruled Hall’s objection that the State argued
outside the record during the punishment phase of the trial.  We further hold that Hall failed to establish
that his trial counsel’s performance constituted ineffective assistance under Strickland.  We therefore affirm the judgment of the trial
court.

 

 

 

                                                                   Jane
Bland

                                                                   Justice

 

Panel consists of Justices Keyes,
Higley, and Bland.

Do not publish.   Tex. R. App. P. 47.2(b)












[1] The State indicted Hall in
Cause No. 1182444 and Cause No. 1182445 and tried him for both offenses.  Under Cause No. 1182444, the State alleged
that Hall committed aggravated sexual assault of a child by penetrating a
child’s anus with his sexual organ. Under Cause No. 1182445, the State alleged
that Hall committed aggravated sexual assault of a child by digitally
penetrating the female sexual organ of a child. 
The jury found Hall guilty of the charge under Cause No. 1182444, but
acquitted him of the charge under Cause No. 1182445.