Travis CARTER, Jr., Appellant,

v.

The STATE of Texas, State.

No. 2–85–184–CR.

Court of Appeals of Texas, Fort Worth.

Aug. 7, 1986.

Price & Swander, Steven H. Swander, Fort Worth, for appellant.

Tim Curry, C. Chris Marshall, Delonia A. Watson, Sharen Wilson and Robert Gill, Fort Worth, for State.

Before FENDER, C.J., and HOPKINS and ASHWORTH (Retired, Sitting by Assignment), JJ.

## OPINION ON MOTION FOR REHEARING

FENDER, Chief Justice.

In the State's Motion for Rehearing they contend that this Court incorrectly reversed appellant, Travis Carter, Jr.'s, conviction for aggravated sexual assault. *See* TEX.PENAL CODE ANN. sec. 22.021 (Vernon Supp.1986). We reversed the conviction holding that:

> Aggravating circumstances are only present when an express verbal threat to kill is made, a deadly weapon exhibited, or a serious bodily injury was, in fact, inflicted.

We cited *Rucker v. State*, 599 S.W.2d 581 (Tex.Crim.App.1979) and *Rogers v. State*, 575 S.W.2d 555 (Tex.Crim.App.1979) in support of our holding. The State contends that the part of the aggravated rape/aggravated sexual assault statute concerning the aggravating factors has been amended since *Rucker* and *Rogers* were rendered and therefore we applied the former version of TEX.PENAL CODE ANN. sec. 22.021 (Vernon Supp.1986). We agree.

Because we are convinced that the State is correct and that our reversal was based on the interpretation of a statute that has since been amended, we grant the State's motion for rehearing. The original opinion and judgment issued May 14, 1986 are

withdrawn and the following opinion is substituted therefor.

On motion for rehearing, we affirm.

Appellant was charged with and convicted by a jury of raping a sales representative, K.S., as she showed him a model home. Punishment was assessed by the court at forty-five years in the Texas Department of Corrections and a $5,000.00 fine. Appellant had been arrested at another model home development the day after the offense when another sales representative, B.F., notified the police that a man matching the description of the suspect and driving a car similar to that driven by the suspect was on the premises. Another sales representative, B.M., had also been raped by a man matching the same description approximately four days before K.S. was raped. B.M. was also raped while showing a model home. Both B.M. and K.S. positively identified appellant in a lineup as their attacker.

■ We will first address appellant's third ground of error, upon which we had originally reversed the conviction. In this ground of error, appellant contends that the evidence is insufficient to prove the aggravating factors necessary to justify a conviction for aggravated sexual assault.

In reviewing the sufficiency of the evidence to support a conviction based upon direct evidence, the evidence is viewed in the light most favorable to the verdict where the jury is the trier of fact. *See Flournoy v. State*, 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App.1984); *Wilson v. State*, 654 S.W.2d 465, 471 (Tex.Crim.App.1983) (opinion on rehearing).

The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the prosecution's evidence or believe that the defense evidence "outweighs" the State's evidence. If there is evidence which establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *See Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim. App.), *cert. denied*, — U.S. —, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984).

The record shows that the victim, K.S., testified as follows:

Q. [PROSECUTOR]: And would you tell the jury how he grabbed you?

A. [K.S.]: He grabbed me from behind. He put his arms around my neck and put a cloth in my mouth and told me not to scream or he would hurt me. And he threw me down to the ground and tied my hands with the cord.

. . . .

Q. [PROSECUTOR]: And what were you thinking at that point?

A. [K.S.]: I felt like I was going in shock. I was scared and I didn't know if this was the end of my life or—you know, I was hoping that he was just going to rob the place. I really didn't think that he was going to come back.

Q. Were you afraid for your life at that point?

A. Yes, I was.

Q. Were you afraid he could kill you?

A. Yes, I was.

Q. And were you afraid he could also cause you serious bodily injury at that point?

A. At that point, I was afraid that he could have done anything.

Q. Did you feel like he was capable of doing it right then and there?

A. Yes, he was.

Q. And he had threatened you at that point; is that correct?

A. He told me he would hurt me if I wasn't quiet.

. . . .

Q. Were there any injuries to your wrists that you could see?

A. No, there weren't.

Q. Did you have any burns or something on your wrists?

A. No, there weren't.

The 1979 penal code, in effect at the time *Rucker* and *Rogers* [1] were rendered, defined aggravated rape (now aggravated sexual assault) as follows:

(a) A person commits an offense if he commits rape as defined in Section 21.02 of this code or rape of a child as defined in Section 21.09 of this code and he:

(1) causes serious bodily injury or attempts to cause death to the victim or another in the course of the same criminal episode; or

(2) compels submission to the rape by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone.

*See* Penal Reform Act, ch. 399, sec. 21.03, 1973 Tex.Gen.Laws 883, 916, *repealed by* Act of June 19, 1983, ch. 977, sec. 22.021, 1983 Tex.Gen.Laws 5311, 5315. The repealing statute, which is the current version and was also the one in effect at the time of the offense, now sec. 22.021 of the Texas Penal Code, now defines aggravated sexual assault as follows:

(a) A person commits an offense if the person commits sexual assault as defined in Section 22.011 of this code and:

(1) the person causes serious bodily injury or attempts to cause the death of the victim or another person in the course of the same criminal episode;

(2) *by acts or words the person places the victim in fear that death, serious bodily injury, or kidnapping will be imminently inflicted on any person;*

(3) by acts or words occurring in the presence of the victim the person threatens to cause the death, serious bodily injury, or kidnapping of any person;

(4) the person uses or exhibits a deadly weapon in the course of the same criminal episode; or

(5) the victim is younger than 14 years of age. [Emphasis added.]

TEX.PENAL CODE ANN. sec. 22.021 (Vernon Supp.1986).

In viewing the evidence in the light most favorable to the verdict, we find that K.S. testified that appellant had tied her up, thrown her to the floor and threatened to hurt her if she was not quiet. She testified that she was afraid that he might kill her or cause serious bodily injury to be inflicted upon her.

In view of the violent nature of the attack, in that the victim was gagged, tied up and thrown to the floor, we find that it was reasonable that K.S. was in fear of her life or that serious bodily injury would be imminently inflicted. *See* TEX.PENAL CODE ANN. sec. 22.021 (Vernon Supp.1986).

Had her attacker come in and given verbal instructions without threatening possible harm and without any physical violence, it would not have been reasonable for K.S. to be in such fear. Also, if K.S. had failed to testify that she was in such fear, the conviction could not stand. However, we find that the evidence is sufficient to convict appellant of aggravated rape because: 1) the victim testified concerning the requisite fear, and 2) her fear was reasonable under the facts of this case. Appellant's third ground of error is overruled.

We will now address appellant's other grounds of error.

■ In his first ground of error appellant contends that the trial court erred by failing to grant appellant's motion to suppress evidence based on a warrantless arrest without statutory basis in violation of art. 38.23 of the Texas Code of Criminal Procedure. Appellant sought to suppress a yellow cord and a dirty cloth found in his pocket when he was arrested after B.F. called the police. K.S. and B.M. both testified that when they were raped while showing model homes, their assailant tied their wrists with a cord and put a cloth in their mouths. Therefore, the cord and cloth found on appellant's person was vital evidence to the State's case.

Article 38.23 of the Texas Code of Criminal Procedure states:

had not proved the aggravating factors.

---

1. The basis of our original holding that the State

No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

See TEX.CODE CRIM.PROC.ANN. art. 38.23 (Vernon 1979). The cord and cloth, if seized during an illegal warrantless arrest, would have been inadmissible under art. 38.23. See Hernandez v. State, 600 S.W.2d 793 (Tex.Crim.App.1980); TEX. CODE CRIM.PROC.ANN. art. 38.23 (Vernon 1979). Our initial determination is whether the arresting officer, Timothy Potts, had a statutory basis for arresting appellant without a warrant. If the arrest was valid, then the cord and cloth were properly admissible because they would have been the product of a search incident to valid arrest. See Adams v. State, 634 S.W.2d 785, 789 (Tex.App.—Austin 1982, no pet.).

Officer Potts testified that he arrested appellant because he fit the description of a rapist which was broadcast over the police radio.

Where there has been some cooperation between police officers, as there was in this case between Officers Potts, Newton and Steffler, the sum of the information known to the cooperative officers at the time of an arrest or search by any of the officers involved is to be considered in determining whether there was sufficient probable cause therefor. See Woodward v. State, 668 S.W.2d 337, 344 (Tex.Crim.App.1982) (en banc). Therefore, the issue is whether Officer Potts, along with other officers, had information which, collectively, amounted to probable cause to stop and search appellant.

The Supreme Court of the United States, in Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949), set out a standard for dealing with the case by case determination of probable cause with due consideration of both the individual rights and the collective right to protection of persons. The court in Brinegar said:

"The substance of all the definitions" of probable cause "is a reasonable ground for belief of guilt." McCarthy v. De Armit, 99 Pa. 63, 69, quoted with approval in the Carroll opinion. 267 U.S. at page 161, 45 S.Ct. at page 288, 69 L.Ed. 543, 39 A.L.R. 790. And this "means less than evidence which would justify condemnation" or conviction, as Marshall, C.J., said for the Court more than a century ago in Locke v. United States, 7 Cranch [11 U.S.] 339, 348 [3 L.Ed. 364]. Since Marshall's time, at any rate, it has come to mean more than bare suspicion: Probable cause exists where "the facts and circumstances within their [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been or is being committed. Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543, 39 A.L.R. 790.

These long-prevailing standards seek to safeguard citizens from rash and unreasonable interferences with privacy and from unfounded charges of crime. They also seek to give fair leeway for enforcing the law in the community's protection. Because many situations which confront officers in the course of executing their duties are more or less ambiguous, room must be allowed for some mistakes on their part. But the mistakes must be those of reasonable men, acting on facts leading sensibly to their conclusions of probability. The rule of probable cause is a practical, nontechnical conception affording the best compromise that has been found for accommodating these often opposing interests. Requiring more would unduly hamper law enforcement. To allow less would be to leave law-abiding citizens at the mercy of the officers' whim or caprice.

Brinegar v. United States, 338 U.S. at 175–76, 69 S.Ct. at 1310–11, 93 L.Ed. at 1890–91.

We will now sum up the facts known to the police at the time of appellant's arrest. The police knew: 1) that appellant fit the description of "a black male, 5'10", stocky build, short black hair,"; 2) that both the suspect and appellant each had a beard; 3) that the vehicle that appellant was driving matched the broadcast description of a "white 1980 Camero, with a C.B. antenna directly in the center of the trunk, and a " 'wind fin' "; 4) that appellant was found at a model home complex and was asking a lone female sales representative about the model homes; 5) that appellant was found at the model home complex one day after K.S. was raped and five days after B.M. was raped; and 6) that appellant was found at the model home complex at 3:30 in the afternoon, approximately the same time of day as K.S. (1:45 p.m.) and B.M. (3:00 p.m.) were raped.

We have considered the description of appellant, his car, the time and location of the finding of appellant,[2] and the closeness in proximity of time to the other rapes. After reviewing these facts, we hold that, although the State's presentation of facts relating to probable cause appears to leave substantial room for improvement, a minimal showing has been made that the facts and circumstances within the collective knowledge of the officers involved were sufficient to warrant a person of reasonable caution in the belief that appellant had committed an offense.

■ Appellant also contends that there was no "satisfactory proof" from a "credible person" that a felony had been committed. *See* TEX.CODE CRIM.PROC.ANN. art. 14.04 (Vernon 1977). Appellant contends that the information placed into the police broadcast must be shown to be from a credible person. Appellant contends that the State did not establish through Officer Potts that the information placed into the police broadcast was reliable or trustworthy. We find that the information placed

into the police broadcast came from the witnesses/victims of the crimes and that therefore, the information was inherently reliable. *See Esco v. State*, 668 S.W.2d 358, 360 (Tex.Crim.App.1982).

■ Appellant next contends that the State did not demonstrate that Officer Potts was acting upon satisfactory proof that appellant was about to escape. The record shows that Officer Potts testified that he did not release appellant and instead arrested him because there was a "possibility that he might leave and could not be found again, and the possibility that there might be another crime committed." Potts testified that it could have taken four to five hours to get an arrest warrant. He testified that in the meantime, appellant "would have left the area." Appellant was not at home or in a place where he could be watched until a warrant could be obtained. Instead, he was on a public street preparing to leave the area. *See Hardison v. State*, 597 S.W.2d 355, 357 (Tex.Crim.App. 1980). He had access to his white Camaro for flight. *See Salazar v. State*, 688 S.W.2d 660, 663 (Tex.App.—Amarillo 1985, no pet.). Additionally, because Officer Potts had approached appellant and asked for identification and was checking for warrants, appellant would be on notice that he was being investigated and because of this, he might try to escape. *See King v. State*, 631 S.W.2d 486, 497 (Tex.Crim.App.1982). Once probable cause to believe appellant had committed the offense in question was added to those circumstances already within Potts' knowledge, a suspicion that he would attempt to elude the police was well founded. *See id.* at 497. Appellant's first ground of error is overruled.

In his second ground of error appellant contends that the trial court erred by failing to grant appellant's motion to suppress evidence when there was no probable cause to arrest "given the general description in the police broadcast." In view of our hold-

---

**2.** "That the place in which a suspect is found ... can, taken in combination with strongly founded previous suspicion, lead to probable cause to arrest him and conduct a search of his automo-

bile has been established at least since *Carroll v. United States*, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543 (1925)." *Woodward*, 668 S.W.2d at 344–45.

ing concerning appellant's first ground of error, we overrule appellant's second ground of error.

As we have already addressed appellant's third ground of error, we next address his fourth ground of error in which he argues that the trial court erred by failing to instruct the jury as to the lesser included offense of sexual assault which he contends was raised by the testimony. The testimony which appellant contends raises the issue of whether he was guilty only of sexual assault is as follows:

Q. [BY ATTORNEY FOR APPELLANT]: The acts you've described, did the person do any particular act, other than just the traumatic scene out there, that caused you to fear for your life?

A. [BY K.S.]: No.

In *Royster v. State*, 622 S.W.2d 442 (Tex. Crim.App.1981), the Court of Criminal Appeals enunciated a two part test to determine whether a charge on a lesser included offense is required. The first is that the lesser included offense must be included within the proof necessary to establish offense charged. That proof of sexual assault is included within the proof necessary to establish aggravated sexual assault is conceded by the State. The second part of this test is that there must be some evidence in the record that if the defendant is guilty, he is guilty only of the lesser offense. *See id.* at 446–47.

Because the first prong has been satisfied, we must look at the second prong of the *Royster* test to see if the testimony quoted by appellant raises the issue whether appellant is guilty of sexual assault rather than aggravated sexual assault. We find that the evidence cited by appellant shows only that K.S. did not believe that any *particular act* of appellant caused her to fear for her life. The testimony does *not* show that K.S. was *not* in fear for her life.

It is only where there is conflicting evidence concerning an element of the greater offense which is not an element of a lesser offense that a charge on the lesser included offense need be given. *See Sansone v. United States*, 380 U.S. 343, 349–50, 85 S.Ct. 1004, 1009, 13 L.Ed.2d. 882 (1965). The element of aggravated sexual assault we are concerned with in this case which is not an element of sexual assault is the "fear" element. Had there been some evidence that K.S. was not really in fear of death or serious bodily injury, then the evidence would have been conflicting regarding the "fear" element and a charge on the lesser included offense would have been required. *See id.* The charge would be required because then there would be some evidence that if appellant was guilty, he was guilty only of the lesser offense. *See Royster*, 622 S.W.2d at 447. However, K.S. was unwaivering in her testimony concerning her fear. Therefore, because the evidence shows that if appellant was guilty, he was guilty of the offense of aggravated sexual assault, and because there was no evidence that he was guilty of sexual assault instead, he was not entitled to an instruction on that lesser included offense. *See Aguilar v. State*, 682 S.W.2d 556, 558 (Tex.Crim.App.1985) (en banc); *Royster*, 622 S.W.2d at 446–47. Appellant's fourth ground of error is overruled.

In his fifth ground of error appellant contends that the trial court erred in allowing into evidence an extraneous offense, the attack of B.M., because there was no showing that the extraneous offense was so nearly identical in method to the instant offense as to earmark them both as the handiwork of the accused. Appellant contends that if there is no sufficiently distinctive characteristic common to both offenses, then the relevancy of the extraneous offense cannot outweigh its prejudicial effect. *See Collazo v. State*, 623 S.W.2d 647, 648 (Tex.Crim.App.1981).

While this is an accurate statement of the law, a review of the record shows the following common characteristics of the attacks on K.S. and B.M.: 1) both victims

were salespeople at new home/condominium developments; 2) both rapes took place in a model which was being shown to the attacker; 3) both victims were grabbed from behind, had a gag put in their mouths, and their hands tied behind them with a cord; 4) both women were instructed to kiss their attacker while he was in the process of sexually assaulting them; and 5) in both instances the attacker wore blue jeans and athletic/tennis shoes.

An exception to the rule that an accused may not be tried for a collateral crime is that evidence of an extraneous offense may be admissible to rebut a defensive theory raised by the accused. *See Dickey v. State,* 646 S.W.2d 232, 233 (Tex.Crim.App. 1983) (en banc). Upon offering evidence of the defense of alibi, appellant placed his identity in issue. *See id.*

We find sufficient similarities in the proximity of time and place as well as the mode of commission of the two offenses so as to constitute sufficient distinctive characteristics as to permit the State to introduce the extraneous offense after the appellant raised the defense of alibi. Appellant's fifth ground of error is overruled.

■ In his sixth ground of error appellant contends that the trial court erred by not defining the term "threat" as used as an aggravating factor in the charge to the jury. Appellant contends that this allowed the jury to convict without clear knowledge from the charge of the nature of the threat required.

The charge of the court in its relevant definitional paragraph of the offense of aggravated sexual assault defines one way of committing aggravated sexual assault as committing sexual assault, "and by acts or words occurring in the presence of the victim the person threatens to cause the death, serious bodily injury or kidnapping

of any person." *See* TEX.PENAL CODE ANN sec. 22.021 (Vernon Supp.1986).

The term "threat" is not defined in sec. 1.07 of the Texas Penal Code, which provides most of the definitions of terms used in the code nor is it defined in secs. 22.011 and 22.021 which proscribe sexual assault and aggravated sexual assault, respectively. The Court of Criminal Appeals follows the rule that if a word, term, or phrase was not statutorily defined at the time of the trial, there is no requirement to define that word, term, or phrase in the court's charge. *See Andrews v. State,* 652 S.W.2d 370, 375 (Tex.Crim.App.1983) (en banc); *King v. State,* 553 S.W.2d 105, 107 (Tex.Crim.App. 1977).

Although appellant's caption to his ground of error states that he is concerned about the trial court's refusal to define "threat," his argument goes more toward the contention that the jury "could convict based upon a threat to use force and violence but not a threat to cause death or serious bodily injury."[3] The sentence in the charge of which appellant complains is as follows: "... defendant threatened and placed [K.S.] in fear that death and serious bodily injury would be imminently inflicted...."

Appellant contends that "the jury, by a fair reading [of this sentence] could convict based upon a threat to use force and violence but not a threat to cause death or serious bodily injury." As we read the charge, there were two ways that the jury could have convicted appellant for aggravated sexual assault. The first is if the jury found that appellant "threatened ... that death and serious bodily injury would be imminently inflicted...." The second is if the jury found that appellant "placed [K.S.] in fear that death and serious bodily injury would be imminently inflicted...." The charge clearly requires that the threat be

---

3. The Texas Penal Code defines one method of committing aggravated sexual assault as: sexual assault and a threat to cause *"death, serious bodily injury, or kidnapping ...."* *See* TEX.PE-NAL CODE ANN. sec. 22.021 (Vernon Supp. 1986). [Emphasis ours.] A threat to use force and violence is not an aggravating factor.

that death or serious bodily injury would be imminently inflicted. Because the charge, read as a whole, clearly required that the jury find the appellant guilty of conduct as proscribed by sec. 22.021 of the Texas Penal Code, *see Inman v. State*, 650 S.W.2d 417 (Tex.Crim.App.1983) (en banc); *Kleese v. State*, 680 S.W.2d 664 (Tex.App.—Fort Worth 1984, pet. ref'd), appellant's sixth ground of error is overruled.

The judgment is affirmed.