**Andrew Swanner McGAHEY, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–86–234–CR.**

Court of Appeals of Texas, Fort Worth.

Jan. 28, 1988.

Rehearing Denied Feb. 25, 1988.

Richard S. Podgorski, Denton, for appellant.

Jerry Cobb, Dist. Atty., and Elaine Carpenter, Asst. Dist. Atty., Denton, for State.

Before FENDER, C.J., and FARRIS and JOE SPURLOCK, II, JJ.

OPINION

FARRIS, Justice.

Appellant, Andrew Swanner McGahey, was convicted of the offense of aggravated sexual assault. *See* TEX.PENAL CODE ANN. sec. 22.021 (Vernon Supp.1987). Punishment was assessed at thirty-five years in the Texas Department of Corrections.

Appellant's sole contention on appeal is that the trial court should have charged the jury as to the lesser included offense of sexual assault. *See* TEX.PENAL CODE ANN. sec. 22.011 (Vernon Supp.1987). In determining whether appellant was entitled to a charge on a lesser included offense, we are required to consider all the evidence presented at trial. *See Cordova v. State*, 698 S.W.2d 107, 113 (Tex.Crim.App.1985), *cert. denied*, 476 U.S. 1101, 106 S.Ct. 1942, 90 L.Ed.2d 352 (1986). Having reviewed the record of appellant's trial, we hold that appellant was not entitled to a charge on the lesser included offense of sexual assault and affirm appellant's conviction.

In *Aguilar v. State*, 682 S.W.2d 556 (Tex.Crim.App.1985), the Texas Court of Criminal Appeals adopted the two-prong test set forth in *Royster v. State*, 622 S.W.2d 442 (Tex.Crim.App.1981), for determining whether a jury must be charged on a lesser

included offense. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Second, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense. *Aguilar,* 682 S.W.2d at 558; *Moreno v. State,* 702 S.W.2d 636, 640 (Tex.Crim.App.1986); *Cordova,* 698 S.W.2d at 113. A defendant's own testimony alone is sufficient evidence to raise the issue. *See Simpkins v. State,* 590 S.W.2d 129, 132 (Tex.Crim.App.1979).

■ The first prong of the test has been met because sexual assault is a lesser included offense of aggravated sexual assault. *See* TEX.PENAL CODE ANN. sec. 22.021 (Vernon Supp.1987); *see also Carter v. State,* 713 S.W.2d 442, 448 (Tex.App.— Fort Worth 1986, pet. ref'd). However, appellant has failed to meet the second prong of the test because there was no evidence tending to show that if appellant was in fact guilty, he was guilty only of sexual assault.

The aggravating element alleged in the indictment was that the appellant used acts and words to place the victim, A___, in fear of serious bodily injury or death.

Appellant met A___ at The Connection Club in Denton on the night of July 17, 1985. Appellant was wearing a jacket that said, "Texas Rangers, Narcotics Division" on the back. Appellant invited several persons, including A___, to a party on a houseboat moored at Lake Dallas. After The Connection Club closed, appellant offered A___ a ride to the party on the back of his motorcycle. Once the pair got on I–35, they proceeded to another bar in North Dallas where they had a drink. At approximately 2:00 a.m., the pair got back on I–35 and proceeded to Lake Dallas.

Appellant and A___ were the only witnesses to what transpired at Lake Dallas. It is at this point that the testimony of appellant and A___ begins to diverge.

A___ testified that upon arriving at Lakeview Marina, they went to a dock where boats were moored and boarded a houseboat. Later evidence in the trial established that the boat belonged to Leon McNatt, appellant's former employer. Appellant crawled through an open window and unlocked the door to the houseboat. After fixing a pair of drinks, appellant and A___ sat down on the platform of an adjacent ski boat. When A___ got up to go back to the houseboat, she fell in the water, although the testimony is unclear as to whether she fell accidentally or was pushed by the appellant. Appellant then jumped in the water and began to fondle A___'s chest. A___ testified that she began to get scared at this point and asked appellant to take her home. A___ then testified that upon returning to the cabin of the houseboat, appellant grabbed her from behind, putting one hand over her forehead and holding an object across her throat. She further testified that appellant told her that she was not leaving and that she was going to make love to him or die. A___ also testified that she thought the object at her throat was a knife.

A___ testified that appellant ordered her to take off all of her clothes. He then forced her to lay down on a lounge or couch and forced her to have sexual intercourse with him, including anal and oral acts of intercourse. A___ testified that during the sexual intercourse, appellant struck her across the face and called her obscene names. The whole episode lasted several hours, during which time appellant stated that he was going to kill A___ and commit suicide after he was done. A___ testified that appellant ordered her to put on her clothes and told her he would kill her if she tried to attract attention or get help. She testified that at about 6:30 in the morning, she and appellant left the scene on the back of his motorcycle. A___ persuaded appellant to stop at a convenience store near her apartment where she informed the store clerk that appellant had raped her. She testified that when the store clerk threatened to call the police, appellant ran out of the store and left on his motorcycle.

Appellant's testimony differs from A___'s in that he testified that she had begun "coming on" to him sexually before the pair ever left The Connection Club. Appellant's testimony upon reaching the

marina and entering the boat is essentially the same. Appellant testified that A⎯⎯ fell off the platform behind the ski boat and that he pulled her back up out of the water by her collar. He stated that she then said she wanted to go swimming. Appellant testified that while they were swimming, he kissed her and they continued to kiss while in the water for 15 to 20 minutes.

Appellant testified that upon returning to the houseboat cabin, A⎯⎯ went into the bathroom. He testified that when she came out, her jeans were down to her knees and that she stepped towards him, laughing and giggling. Appellant testified that they then engaged in consensual sexual intercourse. Appellant testified that at about 6:30 a.m., they left the scene on his motorcycle. On the way back to her apartment, they stopped at the convenience store for coffee and appellant testified that the store clerk ordered him to leave or he was going to call the police. Appellant then got on his motorcycle and returned to his home.

During his testimony, appellant stated that he did not have a knife with him on that night and that he did not even own a knife. While he admitted to having sexual intercourse with A⎯⎯, he stated that he did not use a knife or otherwise force her or threaten her in any way in order to have sexual intercourse with her. He stated that the whole episode had been consensual and that A⎯⎯ had been the instigator.

The evidence regarding the actual assault itself was derived from two diametrically opposed sources: the testimony of A⎯⎯ and that of appellant. Appellant testified that A⎯⎯ consented to sexual intercourse. Consent is a defensive theory which vitiates sexual assault, aggravated or otherwise. Furthermore, appellant testified that he did not use force, threats or violence of any kind in order to have sexual intercourse with A⎯⎯. In sum, all of the evidence presented by appellant points directly to acquittal for any kind of sexual assault. The posture of the evidence, taken as a whole, was such that appellant was either guilty of aggravated sexual assault or he was guilty of nothing at all. In such a case, there is no obligation on the trial court to instruct the jury on a lesser included offense. *See Bravo v. State*, 627 S.W. 2d 152, 157 (Tex.Crim.App.1982); *Simpkins*, 590 S.W.2d at 134; *Thomas v. State*, 578 S.W.2d 691, 698 (Tex.Crim.App.1979); *Carter*, 713 S.W.2d at 448.

We overrule appellant's sole point of error and affirm his conviction.

JOE SPURLOCK, II, J., dissents.

JOE SPURLOCK, II, Justice, dissenting.

I respectfully dissent.

In its analysis, the majority overlooks the clear statement of the law governing lesser included offenses as stated by the Court of Criminal Appeals in *Lugo v. State*, 667 S.W.2d 144 (Tex.Crim.App.1984).

> In determining whether evidence has been presented which raises the issue of a lesser included offense, the language in a few opinions of this Court has implied that a defendant's testimony can "negate" such evidence ... or that we will consider only the testimony of a defendant in reaching that determination.... In light of the foregoing we find such an approach to be erroneous and expressly disapprove of same. We will continue to consider *all* the evidence presented at trial in order to determine whether an instruction on a lesser included offense should be given.

*Id.* at 147.

The "foregoing" the court referred to were the cases of *Moore v. State*, 574 S.W. 2d 122, 124 (Tex.Crim.App.1978) and *Thompson v. State*, 521 S.W.2d 621, 624 (Tex.Crim.App.1974). The basic rule is:

> When evidence *from any source* raises a defensive issue or raises an issue that a lesser included offense may have been committed ... the issue must be submitted to the jury.

*Moore*, 574 S.W.2d at 124 (emphasis added).

In the case on appeal, McGahey did not raise alibi, or that he wasn't there or that he was the wrong person accused. He admitted intercourse with complainant.

However, he claimed it was consensual, and *no force* was used. This contested the issue of lack of consent, *as well as* the use of a deadly weapon to effect the assault. All of the cases cited by the majority do *not* support the result reached here.

Clearly under the facts set out in the opinion, the jury would have to find: 1) was the event consensual, or not; 2) was force used; 3) was "deadly force" used? Each of these three questions was raised by the evidence. If the jury concluded appellant was lying about the consensual aspect of his act, they might nevertheless have concluded "deadly force" was not used. No weapon was found, no cuts were made, and the complainant never said she saw a knife. In fact, the evidence in the cold print of the statement of facts is as consistent with appellant's claims of consent as with the complainant's. Only the fact that the jury could observe the demeanor and manner of the witnesses could cause a conclusion to be drawn.

To deprive appellant in this case of the opportunity to have the jury consider the lesser included offense of sexual assault, violates the rule announced in *Lugo*, and reaffirmed in the concurrence to *Godsey v. State*, 719 S.W.2d 578, 585 (Tex.Crim.App. 1986). The court held:

> Thus if the evidence adduced at trial raises an issue that a lesser included offense may have been committed, the trial judge must include a proper instruction on the lesser included offense.

*Lugo*, 667 S.W.2d at 147. Judge Miller has also written:

> Therefore, where the State has introduced evidence to support a charge on the primary offense, we look at *all* the evidence introduced to decide if a lesser included offense is raised. *BUT*, in looking at all the evidence to see if the "guilty only" test is met we must look at it in the context of the facts.

*Godsey*, 719 S.W.2d at 585 (concurrence) (emphasis in opinion).

In the case on appeal, there is evidence that if McGahey is guilty, he is only guilty of sexual assault. He testified he did not *have*, or use a weapon. He testified the act was consensual. The complainant's testimony that he had a knife, was speculative only. She never saw one, nor said that he would cut, stab, or in any other way harm her with the same.

I would reverse for a new trial to permit the jury to determine if appellant was guilty of sexual assault. The harm here, is if the jury believed the assault occurred, but not the aggravated element, they had no choice but to convict of that, or else set appellant free of it all. It is not possible to determine if this is what they did.

The majority is, in my opinion, *not correct* in saying that the evidence does not support any inference that appellant is guilty only of sexual assault.

The cases relied upon by the majority are not appropriate to the case on appeal.

*Bravo v. State* is a murder case in which appellant wanted a charge of lesser included "voluntary manslaughter." He *did not testify*, and the court concluded the evidence did not raise the issue. *Bravo v. State*, 627 S.W.2d 152, 157 (Tex.Crim.App. 1982).

In *Simpkins v. State* and *Thomas v. State*, both were convictions for murder, in each of which the appellant wanted a lesser included offense *not* raised by the evidence. Each of these cases revolved around the *use of a gun* to effect some purpose, and the purpose, and the purposeful use alleged by the defendant therein, absolutely did not inferentially raise the missing element needed as proof for the lesser included offenses desired.

In *Carter v. State*, the Court concluded the appellant therein had not raised any evidence that the sexual assault was not aggravated because the appellate court concluded "1) the victim testified concerning the requisite fear [of death or serious bodily injury], and 2) *her fear was reasonable under the facts of this case.*" *Carter v. State*, 713 S.W.2d 442, 445 (Tex.App.— Fort Worth 1986, pet. ref'd) (emphasis added).

In *Carter*, the question was *not* whether if guilty, he was *only* guilty of aggravated assault but whether or not the evidence

was sufficient to support the conviction of aggravated sexual assault. The appellant argued that the evidence *had* raised the issue of sexual assault, and that he was entitled to the charge as well. However, *his defense* was not guilty because, *he did not do it.* This is the same as saying *I know nothing of the offense.*

In our case on appeal appellant says the event occurred when he was present but *no* force was used. This *puts all* elements of the assault and the aggravating elements into question.

The court in *Carter* noted:

Had there been some evidence that K.S. [complainant therein] was not really in fear of death or serious bodily injury, then the evidence would have been conflicting regarding the "fear" element and a charge on the lesser included offense *would have been required.*

*Id.* at 448 (emphasis added).

In *Carter*, the appellant did not testify and therefore couldn't say the prosecutrix *had no fear.* Our case is much different. To restrict appellant herein to only the main charge, is to tell him, if you want a charge on "sexual assault" you must admit the offense, as that will be the only way the evidence of sexual assault "alone" may be raised. In the case on appeal, appellant said the event occurred, he was present, and *no force was used.* He clearly is entitled to the charge on the lesser offense. I do not consider appellant's testimony that "no force," deadly or otherwise, was used to *negate* his right to a charge on sexual assault.

*I respectfully dissent.*