COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 


 
 
  
 DANIEL JOSEPH
 GRUENFELDER,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-02-00149-CR
  
 Appeal from the
  
 291st District Court
  
 of Dallas County, Texas 
  
 (TC# F‑0037284‑LU) 
  
 
 


O P I N I O N

 

Daniel Joseph Gruenfelder
appeals his conviction of aggravated sexual assault.  He was sentenced to fifty years= confinement by the jury.  He presents five issues.  He challenges the legal and factual
sufficiency of the evidence to support the findings of the offense.  He argues the trial court erred in excluding
key defense testimony, that he was denied the right to effective assistance of
counsel, and that the trial court abused its discretion in failing to conduct a
motion for new trial hearing on his allegation of jury misconduct.  We affirm.








I








Beginning at 2:30 a.m. on September
11, 2000, appellant set about a series of beatings and sexual assaults of his
then spouse, the complainant.  Except for
one brief respite, he kept her locked inside their Mesquite home.  After a lengthy argument, appellant sexually
assaulted complainant.  He told her to Afix it@ and forced his penis into her mouth,
while grabbing the back of her head, pushing himself into her.  The complainant testified she did what she
was told in fear of being knocked in the head again, which had already occurred
several times before this particular moment. 
When she tried to stop, appellant again grabbed her head and yanked her
forward.  While complainant was sitting
down crying, he led her by the hand to the sofa, bent her over, then sodomized her. 
She tried to stop appellant with words but did not physically fight him
off out of fear because she had been slapped around for several days
before.  A neighbor came over to mediate
the relationship and in her presence, appellant boxed complainant in the side
of the head with his fist, two times. 
Appellant threatened to deface the complainant, take all her
fingerprints off her body, and take out all her teeth so she could not be
identified.  After the neighbor left,
appellant again slapped the complainant across the face and accused her of
lying to him.  During this argument,
appellant struck the complainant in the eye. 
In one attempt to leave the house, appellant intercepted her and kicked
her in the legs, crotch, and stomach. 
The complainant said she was petrified. 
Appellant again kicked complainant in the face and Abusted my lip with his foot.@ 
Photos of the complainant showed black eyes, bruising on her legs, her
buttocks and upper arm, and cigarette burns on her right leg.  When complainant=s brother came and removed his sister
from the residence, appellant pulled a knife from under the sofa and appeared
to be enraged.

Appellant testified and defended on
the basis of consent and the fact he was recuperating from an auto accident
which hospitalized him for three days. 
He denied causing any injuries and explained the cigarette burns to his
wife were accidental.

II

In reviewing legal sufficiency, the
courts look at all of the evidence in the light most favorable to the
prosecution to determine whether any rational trier
of fact could have found the essential elements of the offense beyond a
reasonable doubt.  Vasquez v. State,
67 S.W.3d 229, 236 (Tex. Crim. App. 2002) (citing Jackson).  Legally sufficient evidence supporting a
conviction exists if the court, after reviewing the evidence in the light most
favorable to the prosecution, determines that a rational trier
of fact could have found the essential elements of the offense beyond a
reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781,
2789, 61 L.Ed.2d 560 (1979).








In determining factual sufficiency,
we look at all of the evidence in a neutral light, and will reverse only if the
evidence supporting guilt is so obviously weak as to render the conviction
clearly wrong and manifestly unjust, or if that evidence, although adequate
when taken alone, is so greatly outweighed by the overwhelming weight of
contrary evidence as to render the conviction clearly wrong and manifestly
unjust.  Vasquez, 67 S.W.3d at
236; Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000) (citing Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996)).  The court reviews the evidence weighed by the
jury that tends to prove the existence of the elemental fact in dispute and
compares it with the evidence that tends to disprove that fact.  Id. 
We are authorized to disagree with the fact finder=s determination.  Id. (citing Clewis, 922 S.W.2d at 133).  This review, however, must employ appropriate
deference to prevent an appellate court from substituting its judgment for that
of the fact finder, and any evaluation should not substantially intrude upon
the fact finder=s role as the sole judge of the weight and credibility given
to witness testimony.  Jones
v. State, 944 S.W.2d 642, 648 (Tex. Crim.  App. 1996); cf. Johnson, 23 S.W.3d at 8.  The
complete and correct standard a reviewing court must follow to conduct a Clewis factual sufficiency review of the elements of
a criminal offense asks whether a neutral review of all the evidence, both for
and against the finding, demonstrates that the proof of guilt is so obviously
weak as to undermine confidence in the jury=s determination, or the proof of
guilt, although adequate if taken alone, is greatly outweighed by contrary
proof.  Johnson, 23 S.W.3d at 11.

III













In his legal sufficiency argument,
appellant asserts the complainant never attempted to call the police, left the
residence and returned home, didn=t initially tell her sister to call
police, and refused rape crisis services. 
He points to medical exams that showed normal genitalia, and the fact
that no sperm was detected in the specimens taken.   He reiterates his own injuries, the fact he
was run over by a vehicle and sustained a compound fracture of the right
shoulder blades and a compression fracture. 
With these injuries, plus numerous leg and body injuries, appellant was
not physically able to assault the complainant. 
Appellant urges the evidence and testimony failed to prove lack of
consent.  He cites McGahey
v. State, 744 S.W.2d 695 (Tex. App.--Fort Worth 1988, pet. ref=d). 
AConsent is a defensive theory which
vitiates sexual assault, aggravated or otherwise.@ 
Id. at 697.  We agree. 
He argues the complainant=s testimony she was physically
assaulted and threatened was shown to be false and more specifically appellant
was physically unable to assault the complainant as she averred.  He argues due process requires proof beyond a
reasonable doubt of every fact necessary to constitute the crime citing In
re Winship, 397 U.S. 358, 90 S.Ct.
1068, 25 L.Ed.2d 368 (1970).  He cites
state cases to the same effect concluding that the State failed to show
aggravated sexual assault where the overall conduct, viewed in the totality of
the circumstances, placed the victim in fear of death or serious bodily
injury.  See Lindsey
v. State, 672 S.W.2d 892, 894-95 (Tex. App.--Dallas 1984), aff=d,
760 S.W.2d 649 (1988).  We agree
with the stated principles argued by appellant. 
However, as the State urges, we are to review all the evidence in the
light most favorable to the verdict.  Vasquez,
67 S.W.3d at 236. 
The complainant testified that at least on two occasions
appellant forced oral sex.  While it is
true that appellant testified the sexual acts were consensual, this was
directly contradicted by the complainant, whose testimony was also corroborated
by her injuries, photos, and hospital records. 
We conclude a rational trier of fact could
have found appellant forced complainant=s submission by the use of physical
force.  Barnett v. State, 820
S.W.2d 240, 241 (Tex. App.--Corpus Christi 1991, pet. ref=d) (double amputee straddled
complainant=s chest, moved victim=s head, pushed it back on pillow and
forced him down when he tried to get up; issue is whether sufficient evidence
exists to show that appellant compelled submission by the use of actual
force).  We overrule appellant=s first issue.








Next appellant attacks the factual
sufficiency of the verdict.  He cites Johnson
v. State for the proposition that an appellate court can consider only
those matters bearing on credibility that can be fully determined from a cold
record.  Johnson, 23 S.W.3d at 8
(some credibility assessment allowed but assessment usually requires deference
to jury=s conclusion).  He argues insufficient evidence points should
be sustained where there is either insufficient evidence to support a finding
of a vital fact or the finding of a vital fact is so contrary to the great
weight and preponderance of the evidence as to be clearly wrong.  Goodman v. State, 66
S.W.3d 283, 285-86 (Tex. Crim. App. 2001).  Appellant argues the second prong of a
factual sufficiency analysis, that the finding of is so
contrary to the great weight and preponderance as to be clearly wrong and
unjust.  He says complainant=s testimony was not credible or
reliable.  The argument again proceeds
that complainant never contacted the police during the time of the assault,
though she had phone access.  She left
the residence at least once but returned. 
Appellant was severely injured and was incapable of an assault.  Appellant testified he never struck or
threatened her and the sex was consensual. 
Other factors challenged the complainant=s veracity.  The complainant admitted she had previously
stabbed herself with a fork though she had told the police appellant did the
stabbing.  The complainant refused her
sister=s offer to call police.  A friend of appellant testified the
complainant was a liar and had admitted to him complainant had lied to
police.  A Mesquite police officer
testified concerning appellant=s written statement and reported that appellant could not
write due to his injuries.  In his
statement, appellant said the marks of complainant were purely accidental Afrom me not wanting her to leave.@ 
He said he loved his wife, the sex was
passionate, and seductive on her part. 
He tried to hold her and she fought to get away.  They bumped into several walls.  And somehow, accidentally, his cigarette got
pressed against her leg and burned her. 
Appellant also admitted pulling a knife on complainant=s brother.








The State counters that complainant
testified appellant was almost recovered within a week of the accident.  He was able to move heavy furniture.  The neighbor witnessed appellant striking
complainant and yanking her hair. 
Appellant=s own testimony admitted of three sexual encounters.  We agree with the State that the jury was
free to reject appellant=s testimony of incapacity (as well as his claim of
consent).  See Johnson, 23 S.W.3d at 8. 
Complainant testified she did not call the police because of fear she
would be beaten some more and the police would not arrest him.  AAnd I didn=t want to be hit on anymore.@ 
Testimony from the neighbor, family members, medical evidence of injury
and photos also largely support complainant=s testimony and independently gave
rise to reasonable inferences of physical assaults.  Ultimately, the critical consent issue came
down to the jury=s assessment of the conflicting testimony between the
complainant and the appellant.  We cannot
say that the finding is so contrary to the great weight and preponderance as to
be clearly wrong and unjust.  Goodman,
66 S.W.3d at 285-86; see also Zuliani v. State,
97 S.W.3d 589, 593-94 (Tex. Crim. App., 2003).

Appellant=s second issue is overruled.








Next, appellant challenges the
limitation of direct examination of the defense witness Christine Dykes.  Dykes was a
co-worker of appellant, but only knew him a couple of months.  She observed the complainant pick up
appellant a few times.  Her only contact
with the complainant was a single incident. 
The witness stated complainant was kind of irate, a little jealous.  When asked what the complainant said, the
court sustained the State=s hearsay objection. 
The defense also asked if the incident was related to appellant and she
said yes.  The court again sustained the
objections of leading, relevance, and hearsay. 
The defense passed the witness, there was no cross-examination, and the
witness was released.  The defense
attorney proffered further testimony of the witness, that the complainant
confronted her in a jealous rage and accused her of having sex with
appellant.   Defense counsel stated the
complainant had testified she was not jealous of appellant and his activities
with other women.  He argued the
testimony was relevant to the issue of consent and the general credibility and
bias of the witness.  On appeal,
appellant now argues that the proffered testimony was relevant and its
exclusion harmful.

Sadly, appellant does not address the
State=s other trial objections of leading
and hearsay.  While we can overlook the
failure to address the Aleading@ objection, to overlook the hearsay objection is
problematic.  Hearsay is a somewhat more
complex critter, with more exceptions than any other rule of evidence.  See Tex.
R. Evid. 803. 
Perhaps the testimony was offered as a statement which is not
hearsay.  Tex. R. Evid.  801(e)(1) (prior
statement of witness).  But we are not
favored with either an argument or citation to the record.  Perhaps the statement was not offered for the
truth of the matter stated, and thus was not hearsay.  Tex.
R. Evid. 801(d).  No such offer was made at trial.  Facially, hearsay is not admissible, except
as provided by statutory or regulatory authority.  Tex.
R. Evid. 802. 
In any event, appellant fails to inform us why the trial court abused
his discretion by sustaining a hearsay objection.  Thus, he has failed to comply with briefing
requirements.  Tex.R.App. P.  38.1(h) (brief
must contain clear and concise argument for contentions made, with appropriate
citations to authorities and record).  We
decline to brief this issue for appellant and speculate how the trial court was
possibly in error on a ruling that is not attacked on appeal.  See Salazar v. State, 38
S.W.3d 141, 147 (Tex. Crim. App. 2001).








In any event, if the trial court
abused its discretion, we do not perceive that the exclusion of complainant=s accusation that appellant may have
committed adultery with a co-worker was harmful.  Considering the significant evidence
delineated above, including multiple sexual attacks, injuries, black eyes,
photographic evidence, hospital records of injuries, eyewitness accounts of
assaults, cigarette burns, and even appellant=s own statements, we cannot conclude
that the exclusion of one possibly relevant statement of a co-worker had a
substantial and injurious effect or influence in determining the jury=s verdict.  See Morales v. State, 32 S.W.3d 862, 867 (Tex. Crim.
App. 2000).  Appellant=s third issue is overruled.








In his fourth issue, appellant
asserts his trial counsel was ineffective because he failed to offer
photographic evidence of appellant=s extensive injuries.  To show that trial counsel was ineffective,
appellant must demonstrate that: (1) trial counsel=s performance was deficient because
it fell below an objective standard of reasonableness; and (2) a probability
existed, sufficient to undermine confidence in the outcome, that, but for
counsel=s unprofessional errors, the result
of the proceeding would have been different. Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80
L.Ed.2d 674 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). 
Strickland states that judicial scrutiny of counsel=s performance must be highly
deferential and that a reviewing court Amust indulge a strong presumption
that counsel=s conduct falls within the wide range
of reasonable professional assistance . . . .@ 
Strickland, 466 U.S. at 689, 104 S.Ct.
at 2065.  This case is typical because Athe record on direct appeal is
undeveloped and cannot adequately reflect the motives behind trial counsel=s actions.@ 
Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim.
App. 2001).  The record is silent
as to why appellant=s trial counsel did not offer the photos into evidence.  It may well have been counsel=s strategy  to focus on the credibility of the
complainant, and not give evidence that would focus attention on appellant=s claimed incapacity, particularly
when he admitted three sexual encounters. 
Trial counsel should ordinarily be afforded an opportunity to explain
his actions before being found ineffective. 
 Rylander v. State, 101 S.W.3d 107, 111 (Tex. Crim.
App. 2003).  Based upon
this record, we cannot conclude that appellant has established that trial
counsel=s performance fell below an objective
standard of reasonableness in order to satisfy the first prong of Strickland.  Id. 
Appellant=s fourth issued is overruled.








Finally we turn to the last issue
where appellant complains of the trial court=s failure to conduct a hearing on his
motion for new trial on the basis of jury misconduct.   A defense witness signed an affidavit
attached to the motion for new trial stating he overheard two jurors in
conversation about the case, before the case was submitted to the jury.  The affidavit averred one juror asked the
other:  AWhat do you think?@ 
The other replied, AWe haven=t heard all of it yet, but I think he
is going away for a long time.@  The motion was timely
filed and overruled by the court January 31, 2002, fourteen days after its
filing, apparently without a hearing. 
Appellant primarily relies on Reyes v. State, 849 S.W.2d 812, 816
(Tex. Crim. App. 1993).  There the court held:  A. . . when an accused presents a
motion for new trial raising matters not determinable from the record, upon
which the accused could be entitled to relief, the trial judge abuses his
discretion in failing to hold a hearing pursuant to Rule 31(d).@ 
Id.  Appellant also argues
from McIntire v. State, 698 S.W.2d 652, 660 (Tex. Crim.
App. 1985).  The McIntire court
held:  AIn the face of a timely motion for
new trial supported by sufficient affidavit, a trial court which denies
an accused this opportunity abdicates its fact finding function and denies the
accused a meaningful appellate review.@ 
Id. (emphasis added).








The State counters a trial court does
not err by not holding a hearing on a motion for new trial when none is
requested.  The State cites Gallegos
v. State, 76 S.W.3d 224, 228 (Tex. App.--Dallas 2002, pet. ref=d).[1]  The Gallegos court held:  AA trial court is not required to
convene a hearing on a motion for new trial absent a request by the movant for such a hearing.@ 
Id. (citing Brooks v. State, 894 S.W.2d 843, 847 (Tex.
App.  --Tyler 1995, no
pet.); and Edwards v. State, 37 S.W.3d 511, 515 (Tex. App.--Texarkana
2001, pet. ref=d)).  Our review of the motion for new trial finds
no request for hearing in the body of the motion.  Nor is there a fiat or other order suggesting
the trial court set the matter for hearing. 
Rather, there is a certificate of service which is immediately followed
by only a one line order for the judge to sign, either granting or overruling
the motion.   Appellant points to nothing
in the record remotely suggesting to the trial court a request for a hearing
and we find none.  We can only conclude
the trial court accommodated the only request appellant made; he ruled on the
attached motion for new trial.  We hold
that where there is neither a request for a hearing nor even a pleading or
order suggestive to the trial court that a hearing is requested, it is not an
abuse of discretion not to set the matter for hearing.  Id.  Cf. Reyes v. State, 82 S.W.3d
351, 353 (Tex. App.--Houston [1st  Dist.] 2001, no pet.) (hearing mandatory where attached to the motions are fiats
and proposed orders for a hearing date). 
Appellant=s fifth issue is overruled. 
The judgment is affirmed.

 

DON
WITTIG, Senior Justice

October 16, 2003

 

Before Panel No. 5

Barajas, C.J., Larsen, and
Wittig, JJ.

(Wittig, J., sitting by
assignment)

 

(Do Not Publish)











[1]We
also note that this appeal was transferred from the Dallas Court of Appeals. 
While not bound by that precedent, we believe both comity and
predictability of the law would argue that we not ignore precedent from the
jurisdiction where the case was tried.